### DOHERTY, PLAINTIFF IN ERROR, v. DOE, DEFENDANT IN ERROR.

1. CONSIDERATION.

A lessee by refusing to perform the conditions of the lease subjects himself to such damages as may be sustained by the lessor. The lessor having elected to waive the written lease, the lessee agreed to continue the hotel business upon the demised premises under a promise of a reduction of the rent ; held, this was a sufficient consideration for the promise.

2. STATUTE OF FRAUDS.

A modification by parol of a written lease for a period less than one year is not within the statute of frauds.

3. SAME.

When the terms of an instrument, required to be in writing under the statute of frauds, are afterwards modified by parol, and, as so modified, have been fully carried out, the obligation is discharged.

4. SPECIALTY MAY BE VARIED BY PAROL AGREEMENT.

A subsequent parol agreement if executed will be effectual to vary the terms of a contract under seal.

*Error to the District Court of Arapahoe County.*

BY stipulation this case was referred to I. E. Barnum, Esq., as referee, to determine the facts and the law.

Upon the evidence adduced before him, the referee re-

turned the following findings of fact, and directed judgment to be entered in favor of defendant.

"First. " That on the twenty-fifth day of February, 1886, the plaintiff, William F. Doherty, was the equitable owner of blocks 10 and 11, Idaho Springs, Clear Creak county, state of Colorado, except the east one half of lot 1, in said block 11, and that the legal title of said property was in one B. B. Healy, who held the same by a deed absolute in form, but which was, in fact, a mortgage to secure an indebtedness from Doherty to Healy."

Second. " That by an agreement between Doherty and Healy, Healy was to have exclusive control and charge of the property, rent it, collect the rent and apply it on the interest on Doherty's indebtedness to him, and the surplus, if any, was to be applied on its principal."

Third. " That on the twenty-third day of February, A. D. 1886, said Healy entered into a lease of said property, with the buildings thereon and improvements, also of the furniture in said buildings, with one Gertrude M. Stanton and Sylvania C. Doe, the defendant herein, for a period of two years from the first day of April, 1886, with the privilege of a third year if the lessees should so elect; that the rent to be paid was the sum of eighteen hundred dollars per year, payable as follows, to-wit: For the first year, one hundred' and twenty-five dollars per month payable at the end of each and every month during the first year, and said lessees shall expend a sum on said buildings on repairing and improving the same that will be equal to twenty-five dollars per month for said first year, and for the remainder of the term the lessees shall pay one hundred and fifty dollars per month at the end of each and every month as stated in said lease."

" That it was also provided in said lease as follows: It is also agreed that the lessor herein may build upon the vacant lots, hereby leased, as many cottages and buildings as he shall see fit; and the said lessees shall have the option of leasing the same upon such terms as shall hereinafter be agreed upon

by the lessor and lessees.   The ground rent of said cottages and buildings to be free to lessor."

" That said cottages were finished so that the lessees took possession of them May 1, 1886, under an agreement to pay rent for the whole of them at one dollar per day."

" No question is raised but what the lessees made repairs during the first year to the extent of twenty-five dollars per month for the year."

Fourth.  " That said property was hotel property, and that on the first day of April, 1886, said lessees entered into possession thereof and began running the hotel."

Fifth.  " That at the time of making said lease the defendant herein knew that Doherty had some interest in said property, but did not know what or how it was."

Sixth.  " That on the eighth day of November, 1886, for a valuable consideration, Gertrude M. Stanton assigned all her interest in said lease to said Sylvania C. Doe."

Seventh.  " That after the assignment the defendant ran behind in her rent, and that she was unable to pay the same from the proceeds of the business, and that about the month of September, 1887, she and said Healy made a modification of the lease as to the rent to such an amount as she should be able to pay, and that thereafter, she went on with the new business until the month of February, A. D. 1889, when Healy and the defendant met and made a settlement in full of all of the matters involved under the lease, for the sum of three thousand, nine hundred and thirty-six dollars and fifty-six cents, which amount she paid to him in settlement thereof.   That the amount which would have been due according to the terms of the original lease, was the sum of five thousand, nine hundred and eighty-four dollars, including the rent for the cottages.   That the amount paid by defendant was paid during the term and at time of settlement."

Eighth.  " That the plaintiff at one time consented to a reduction of the rent, but I am unable to find the year in which it was done, and find that he did not know at the time

of giving such consent that the defendant was then in arrears · on her rent."

Ninth. " That after the settlement between Healy and the defendant, and after payment to him of the amount agreed on in the settlement, Healy assigned to the plaintiff all of the rent then due on the said lease, said assignment being dated February 26, 1889."

The district court, after argument, approved the conclusion of law and fact, and entered judgment for the defendant.

Mr. J. F. TOURTELOTTE and Mr. W. T. HUGHES, for plaintiff in error.

Mr. M. B. CARPENTER and Mr. A. D. BULLIS, for defendant in error.

CHIEF JUSTICE HAYT delivered the opinion of the court.

Plaintiff in error questions certain of the findings of fact made by the referee, but, upon careful examination, we think the evidence fully sustains such findings. The salient points · upon which the decision must turn in our opinion, are not contradicted. These are that Healy. held the legal title to the property, with authority to control and manage the same,. with power to lease, collect the rents and apply the same in satisfaction of his claim. In pursuance of this authority he did execute a written lease of the property to defendant in error, and afterwards, finding that she was unable to pay the stipulated rent, he agreed to a reduction of the same. It further appears that defendant in error paid the entire rent, calculated at the reduced rate, and that she had a final settlement of the matter with Healy before the lease was assigned · to Doherty.

It is contended that the parol promise of a reduction is without consideration, and also that it falls within the statute of frauds. The defendant in error, by refusing to perform the written contract, subjected herself to such damages as might be sustained by the lessor. He, however, elected to

waive the written lease, and she agreed to continue the hotel business under a promise of a reduction of the rent. This was a sufficient consideration for the promise. *Munroe v. Perkins,* 9 Pick. 298.

Is the oral agreement void, by reason of the statute of frauds? The referee fixed the time at which the lease was modified by parol, at the month of September, 1887. At this time, more than one year of the two year term fixed by the lease had expired, and it has been held that a modification by parol for a period less than one year, is not within the statute of frauds. *Smith v. Devlin,* 23 N. Y. 363.

We prefer, however, to rest the decision upon another principle of the law of contracts. This may be stated as follows: When the terms of an instrument, required to be in writing under the statute of frauds, are afterwards modified by parol, and as so modified have been fully carried out, the obligation is discharged. Bishop, in his work on Contracts, at sec. 135, says : " If a parol agreement rescinding a specialty is fully executed, it will be effectual." And in the well considered case of *Long v. Hartwell,* 34 N. J. Law Rep., it is said : " A contract under the dominion of the statute of frauds can be no more secure against invasion by parol than a sealed instrument." See also *Munroe v. Perkins, supra; Lattimore v. Harsen,* 14 Johns. R. 330 ; *Lawrence v. Dole,* 11 Vt. 549 ; *Canal Co. v. Ray,* 101 U. S. 522 ; *Dickerson v. The Commissioners,* 6 Ind. 128 ; *Phelps v. Seely et. al.,* 22 Gratt. 573 ; *Dearborn v. Cross,* 7 Cowen, 47 ; Greenleaf on Evidence, (14th ed.) sec. 303.

Healy at the time he assigned the lease had no cause of action upon the same against defendant in error, and his assignee, Doherty, therefore took nothing by the assignment. The judgment is

*Affirmed.*