## LAMB v. RATHBURN.

1. SETTLEMENT—CONFLICTING CLAIMS.

    A settlement of conflicting claims, made with full knowledge of the facts, is conclusive upon the parties.

2. APPEAL—QUESTIONS NOT RAISED BELOW.

    Where, in an action between landlord and tenant, the claim is made that a payment of certain moneys under the lease was through mistake, and the case is presented to the jury upon that theory, the further claim that the payment was under duress, asserted for the first time on appeal, cannot be considered.

3. LANDLORD AND TENANT—SETTLEMENT—DURESS.

    A settlement between a lessor and lessee of the amount due for rent is not void for duress because, by the terms of a chattel mortgage given by the lessee to secure the rent, he was prohibited from moving the mortgaged goods to another township, in which he had rented another farm, where nothing was said during the settlement about the mortgage, nor any statement made by the lessee that he paid the disputed amount in order to release his goods.

4. SAME—CONTRACTS—CONSIDERATION—EVIDENCE.

    By the terms of a five-year lease, the tenant was to pay an annual rent of $450. At the end of the first year, the tenant informed the landlord that he would be obliged to give up his lease, but consented to remain upon the landlord's promising a reduction of $50 in the rent. The $50 was deducted each year until the last year. The lease required the tenant to secure the rent each year by a chattel mortgage. The landlord promised the same reduction for the last year if the wife of the tenant would sign the mortgage, which she did accordingly. *Held*, that the agreement to reduce the rent was not without consideration.

Error to Livingston; Smith, J. Submitted October 21, 1898. Decided December 6, 1898.

*Assumpsit* by Charles Lamb against Adelbert Rathburn to recover an amount due under a lease. From a

judgment for defendant upon the allowance of a set-off, plaintiff brings error.   Reversed.

In January, 1892, plaintiff leased the defendant his farm for five years.   The rent was $450 per year, but, if paid on the 1st day of March each year, to be $400.   The lease also required defendant to execute to plaintiff, on or before the 1st day of March each year, a chattel mortgage upon the growing crops, and other personal property of sufficient value to secure payment of the rent for the current year.   Mortgages were executed accordingly.   At the expiration of the term, the parties settled, defendant paying plaintiff $564.19.   Defendant agreed to furnish clover seed for seeding the ground put in to wheat.   At the time of the settlement, a dispute arose as to the amount of land to be thus seeded, and for which defendant had not provided the seed.   Defendant gave an order to plaintiff on one Simmonds for the clover seed, the amount to be subsequently determined.   The cost of this seed was $23, for which plaintiff brought this suit in justice's court.   Defendant admitted his liability for $23, but claimed a set-off for $50.   The jury allowed the set-off, and rendered a verdict for defendant for the difference.

*Clarence Tinker*, for appellant.

*Louis E. Howlett*, for appellee.

GRANT, C. J. (*after stating the facts*).   1. At the settlement, defendant insisted that he owed the plaintiff $514.19.   The dispute between them was over $50.   It is unnecessary to state details.   The settlement was made with the full knowledge of the claim of each party in regard to it.   There was no mistake.   It was therefore error for the court to instruct the jury that, if defendant paid the money by mistake, he was entitled to recover it back.

2. Defendant urges that he paid it under duress, and cites *Hackley* v. *Headley*, 45 Mich. 569.   A complete

reply to this claim is that this theory of the case was not submitted to the jury. The charge of the court is given in full, and does not refer to such theory. But, under the facts, plaintiff made no threat, and, under his claim, stood simply upon his legal rights under the lease and mortgages. Defendant testified he (plaintiff) "insisted that this $50 should be paid. I insisted that it should not. Mr. Lamb went away to work. I went after him. He came back. I told him to come back, and we would fix it up. I then paid him the amount." On redirect examination he testified: "I paid it so that I could get my stuff released. I had taken Jubb's farm, and I couldn't move." By the terms of the mortgage, defendant was prohibited from moving the mortgaged goods out of the township. Nothing was said during the settlement about the mortgage, or any statement made by defendant to plaintiff that he paid the disputed amount in order to release his goods. Under this state of facts, there was no duress.

3. Defendant gave evidence tending to show that during the first year his crops were poor; that he was unable to pay the rent, and that he informed plaintiff that he should leave the farm and give up the lease; that plaintiff promised him that, if he would remain, he would reduce the rent $50 per year; that defendant accepted the proposition; that for four years the $50 was deducted, which plaintiff admitted; that, when the chattel mortgage was given during the last year, plaintiff procured the signature of defendant's wife to the mortgage, thereby obtaining a security which the lease did not provide for; that the mortgage was for the $450; and that, in consideration of his wife's signature, plaintiff promised to deduct the $50 when the last payment was made. It appears to have been deducted for the other years when the first payment was made. Under these circumstances, we think there was evidence of a consideration for the reduction of the rent. *Moore* v. *Detroit Locomotive Works*, 14 Mich. 266; *Goebel* v. *Linn*, 47 Mich. 489 (41 Am. Rep. 723);

*Lawrence* v. *Davey*, 28 Vt. 264; *Connelly* v. *Devoe*, 37 Conn. 570; *Rollins* v. *Marsh*, 128 Mass. 116; Clark, Cont. 187.

Judgment reversed, and new trial ordered.

The other Justices concurred.