CYRUS S. BOWMAN ET AL. V. W. L. WRIGHT.*

FILED JULY 22, 1902.   No. 11,819.

Commissioner's opinion, Department No. 2.

1. **Written Executory Agreement:** PAROL MODIFICATION: ACCRUED INDEBTEDNESS: LIQUIDATION FOR A LESS SUM. There is a clear distinction between parol modification of an executory written agreement before breach and before the time for performance has arrived, and an attempt to satisfy a liquidated and accrued indebtedness by payment and acceptance of a less sum.

2. **Written Contract:** SUBSEQUENT PAROL AGREEMENT: EXECUTORY: BEFORE BREACH: NEW CONSIDERATION. While executory and before a breach. the terms of a written contract may be changed by a subsequent parol agreement; and such subsequent agreement requires no new consideration.

3. ————: STATUTE OF FRAUDS: MODIFICATION: CONSIDERATION: WAIVING REQUIREMENTS: NEW AGREEMENT EXECUTED. Where, however, the contract is one required to be in writing by the statute of

* Rehearing allowed.  Reaffirmed.  See opinion, page 666, *post.*

frauds, there must be consideration for a modification by waiving some of its requirements, or else such new agreement must be executed.

4. ——: ——: ——: ——: ——: CARRYING OUT OF NEW AGREEMENT IS DISCHARGE OF OBLIGATION. In such case, if the terms of the new agreement have been fully carried out, the original obligation is discharged, though there was no additional consideration.

5. Parol Agreement: LEASE: RENT: REDUCTION: PAYMENT: ACCEPTANCE: WHOLE TERM. Hence, a parol agreement, reducing for the future the rent stipulated in a written lease, is binding after the amount provided for in the new agreement has been paid and accepted in full during the whole term.

6. New Lease: DURING TERM OF OLD ONE: OPERATION: SURRENDER: ABANDONMENT. Making and accepting a new lease during the term of an existing one, operates as a surrender and abandonment of the prior lease.

7. Parol Agreement: REDUCTION OF RENT: WRITTEN LEASE: CONSIDERATION TO OPERATE AS SURRENDER. In order that a parol agreement to reduce the rent reserved in a written lease may have the effect of a surrender of the old and substitution of a new lease, there must be a new consideration.

8. Lessee: CONTINUING POSSESSION: REQUEST OF LESSOR: CONSIDERATION. Where the lessee has not covenanted and is not bound to remain in possession for any purpose, continuing in possession at the request of the lessor, may be consideration for an agreement to reduce the rent.

9. Deposition: WITNESS: ANSWER: EFFECT OF CONVERSATION: VERY TERMS THEREOF: CROSS-EXAMINATION. An answer of a witness in a deposition is not to be stricken out because in answer to a proper question he gives the effect of a conversation, instead of the very terms thereof. If the other party desires to know what transpired in more detail, he should cross-examine.

ERROR from the district court for Douglas county. Tried below before KEYSOR, J.  *Affirmed.*

*Will H. Thompson,* for plaintiffs in error.

*Byron G. Burbank, contra.*

POUND, C.

The heirs of a lessor brought this action against the lessee to recover a balance of $25 per month for twenty

months upon a written lease.  The lease provided for a
rent of $75 per month, and it is alleged that but $50 per
month was paid during the months in question.  In the
answer it is alleged that during the term of the lease it
was surrendered and abandoned and a new arrangement
was made, whereby the defendant was to pay and did pay
$50 per month as rent until the lessor's death, and there-
after to his representatives, which sum was accepted in
full.  Upon trial to the court, findings and judgment were
entered for the plaintiff, from which error is prosecuted.

We think the conclusion reached by the trial judge was
right.  There is a clear distinction between parol modifica-
tion of an executory written agreement before breach and
before the time for performance has arrived and an at-
tempt to satisfy a liquidated and accrued indebtedness by
payment and acceptance of a less sum.  At any time be-
fore breach the parties may change the terms of a written
contract by a subsequent parol agreement.  *Delancy v.
Linder*, 22 Nebr., 274.  And such subsequent agreement
requires no new consideration.  *Morrissey v. Schindler*,
18 Nebr., 672; *Brown v. Everhard*, 52 Wis., 205, 8 N. W.
Rep., 725; *Ruege v. Gates*, 71 Wis., 634, 38 N. W. Rep.,
181.  As Lord Denman said in *Stead v. Dawber*, 10 Adol.
& E. [Eng.], 57: "The same consideration which existed
for the old agreement, is imported into the new agree-
ment, which is substituted for it."  In jurisdictions where
sealed instruments are recognized, an executed parol
modification will be upheld, even though the contract is
under seal.  *Beach v. Covillard*, 4 Cal., 315; *Siebert v.
Leonard*, 17 Minn., 433 [Gil., 410]; *McClay v. Gluck*, 41
Minn., 193, 42 N. W. Rep., 875; *McCreery v. Day*,* 119 N.
Y., 1, 23 N. E. Rep., 198; *McKenzie v. Harrison*, 120 N.
Y., 260, 24 N. E. Rep., 458.  With respect to agreements
and instruments required to be in writing by the statute
of frauds, the rule seems to be much the same.  There can
be no question that such agreements are subject to modifi-
cation by parol.  *Delancy v. Linder, supra; Long v. Hart-*

*6 L. R. A., 503, 16 Am. St. Rep., 793.

*well,* 34 N. J. Law, 116; *Doherty v. Doe,* 18 Colo., 456, 33 Pac. Rep., 165; *Andre v. Graebner,* 126 Mich., 116, 85 N. W. Rep., 464. In *Reynolds v. Burlington & M. R. R. Co.,* 11 Nebr., 186, this court held that where the contract was within the purview of the statute of frauds, there must be consideration for a modification by waiving some of its requirements, or else such new agreement must be executed. But if the terms of the new agreement have been fully carried out, the original obligation is discharged, though there was no new consideration. *Rucker v. Harrington,* 52 Mo. App., 481. This rule has often been applied to reductions of the rent reserved in written leases. *Doherty v. Doe, supra; McKenzie v. Harrison,*[*] 120 N. Y., 260, 24 N. E. Rep., 458; *Nicoll v. Burke,* 8 Abb. N. Cas. [N. Y.] 213; *Ossowski v. Wiesner,* 101 Wis., 238, 77 N. W. Rep., 184. In *McKenzie v. Harrison* the court said the transaction was the same as if the lessee had paid each instalment in full, as called for by the lease, and the lessor had voluntarily given him back the difference. But we need not resort to any circuitous explanation. So long as the agreement has been performed, the statute of frauds is out of the way, and the case is like any other executed modification of an agreement. *Schneider v. Lord,* 62 Mich., 141, 28 N. W. Rep., 773. Hence, we think a parol agreement reducing for the future the rent stipulated in a written lease is binding after the amount provided for in the parol agreement has been paid and accepted in full during the whole term.

It is objected that the defendant pleaded an abandonment and surrender of the written lease, and the substitution of a new one at a less rent. Of course, making and accepting a new lease during the term of an existing one operates as an abandonment and surrender of the prior lease. Taylor, Landlord & Tenant, sec. 512. But in order that a parol agreement to reduce the rent reserved in a written lease may have such effect, there must be a new consideration as the tenant is already in possession, and

---

[*] 8 L. R. A., 257, 17 Am. St. Rep., 638.

entitled to possession, under the prior agreement. In the case at bar there probably would be sufficient ground for holding that there was such consideration. Where the lessee has not covenanted and is not bound to remain in possession for any purpose, continuing in possession at the request of the lessor may be consideration for an agreement to reduce the rent. *Doherty v. Doe, supra; Hyman v. Jockey Club Wine, Liquor & Cigar Co.,* 9 Colo. App., 299, 48 Pac. Rep., 671; *Ten Eyck v. Sleeper,* 65 Minn., 413, 67 N. W. Rep., 1026; *Copper v. Fretnoransky,* 16 N. Y. Supp., 866. It is obvious that for purposes of insurance and for many other reasons, it may be very important for the landlord to keep the premises occupied by the tenant himself; and, though the tenant may be bound to pay rent, he may not be bound to keep possession, either personally or by others. Hence, if necessary, we should be inclined to uphold the judgment upon this ground. But the pleadings and the findings of the court are not very well adapted thereto. So long as the answer alleges a "new arrangement," whereby $50 a month was to be and was accepted in full, and the court has found there was such an arrangement and that it was fully carried out, we think the judgment has ample foundation. It is true there is a finding that the representative of the lessor accepted such sum because of a statement of the lessee that he had a new lease providing therefor. But it is also found that there was no fraud, as the lessee referred to the reduction, which had been acted on by the lessor at all times, and, as we have seen, the effect was as if such new lease had been entered into. *Jaffray v. Greenbaum,* 64 Ia., 492, 20 N. W. Rep., 775; *Hyman v. Jockey Club Wine, Liquor & Cigar Co., supra.*

Exception is taken also to the refusal of the court to strike out a portion of a deposition offered by the defendant. The witness, in stating a conversation between the lessor and lessee, stated the effect thereof, what the parties did and agreed, instead of giving its terms and leaving the effect to be deduced therefrom. The question asked

was proper, and the answer responsive. If the plaintiffs desired to know what transpired in more detail, or to test the statement as to the effect of the conversation, they should have cross-examined.

We recommend that the judgment be affirmed.

BARNES and OLDHAM, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is

AFFIRMED.

The following opinion on rehearing was filed on December 3, 1902:

Commissioner's opinion, Department No. 2.

1. **Trial to Court: ERROR.** Where a cause is tried to the court without the intervention of a jury, the general rule is that error can not be predicated upon the rulings of the court by which testimony is received, because it is presumed that the court considered only proper evidence.

2. ————: ————. This rule always obtains where the record contains competent evidence upon every question necessary to sustain the findings and judgment.

3. **Record: PLEADING: PROOF: EVIDENCE: VARIANCE.** Record examined, and *held* that there was no material variance between the pleading and proof, and that the evidence was sufficient to sustain the findings and judgment of the court.

BARNES, C.

The issues of fact and law involved in this case are sufficiently stated in the former opinion, *ante,* page 661. Two propositions, however, are insisted upon by counsel, and it is contended that they were not sufficiently considered in our former decision. These are the assignments: That the court erred in overruling plaintiff's motion to strike out and suppress a portion of the deposition of the witness Varley, offered by the defendant; that there is a variance between the defendant's answer and the proof, which was fatal, and rendered the judgment of the district court erroneous.

1. That portion of the deposition sought to be suppressed is as follows: "In full settlement of one month's rent, and the said D. H. Bowman then and there accepted the same in settlement of said one month's rent and it was agreed between the said Bowman and the said Wright that the said Wright should pay to the said Bowman the sum of $50 for each month thereafter during the unexpired portion of said lease." In order to determine whether or not there was prejudicial error in refusing to strike the foregoing from the deposition, it is necessary for us to quote that portion of the testimony immediately preceding it, which is as follows: "In the month of September, 1893, I was present during a conversation between the said D. H. Bowman and the said defendant, W. L. Wright, and overheard the same; that during a conversation the said Bowman told the said Wright, defendant herein, that owing to dull trade he would reduce the rent of said building from $75 per month to $50 per month thereafter; that affiant then saw the said W. L. Wright, defendant, give the said D. H. Bowman a check for $50." Immediately following this statement comes that part of the deposition which plaintiff sought to have stricken out. It is contended that the testimony, which was the subject of the motion to strike, was simply the conclusion of the witness and not the statement of any fact, and for that reason was incompetent. As an abstract proposition of law, we think this motion to strike was well taken. In our former opinion it is stated that the question was a proper one, and the answer was responsive, and if the plaintiffs desired to know what transpired more in detail, and test the statement as to the effect of the conversation, they should have cross-examined. There is no doubt but this would be true had the plaintiffs been present at the taking of the deposition, with opportunity for cross-examination. Not having been present at the time the deposition was taken, plaintiffs had no chance to cross-examine, and the first opportunity they had to raise this question was by the motion to suppress or strike out that portion

of the evidence objected to.    We are not disposed to be
overtechnical in the matter of the introduction of evi-
dence, but it can hardly be said if this matter had been
objected to, as a conclusion of the witness, had he been
testifying in open court upon the trial, that such objection
would not have been sustained.    The witness should have
given the conversation between the parties, or the sub-
stance of it, as near as his recollection would permit, and
the effect of that conversation, or the ultimate fact estab-
lished thereby, would have been a matter for the court or
jury to determine.    In this case, however, it appears that
the trial was had to the court, a jury having been waived
by both parties in open court.    It follows that the ruling
of the court, upon the motion to strike, was error without
prejudice.    Error can not be predicated upon the admis-
sion of evidence where the trial is had to the court without
the intervention of a jury.    *McKee v. Bainter*, 52 Nebr.,
602; *Schmelling v. State*, 57 Nebr., 562, 564; *King v. Mur-
phy*, 49 Nebr., 670; *Viergutz v. Aultman, Miller & Co.*, 46
Nebr., 141.    It is contended, however, that the court must
have considered this evidence, because it is claimed that the
findings can not be sustained without it.    In other words,
that there is no other evidence to sustain the following
finding of the court, that an arrangement was made in
September, 1893, by which Bowman agreed to accept $50
per month as rent for the remainder or unexpired term of
the lease.    An examination of the record shows us that
this claim, or contention, is without merit.    The witness
Varley had previously testified that he heard Bowman
say that owing to dull trade he would reduce the rent of
the building from $75 to $50 per month thereafter, and
that the witness saw the defendant give Bowman a check
for $50 at that time.    This statement, together with the
checks, which are in evidence, showing the payment of
the rent from the date of a prior lease down to the time
of the execution of the one in question, and from that time
for each and every month until the last two months the
defendant occupied the building, together with other cir-

cumstances, were amply sufficient to sustain the finding of the court above mentioned, without the objectionable portion of the deposition. In such a case it will be presumed that the court considered none other than the proper evidence. *McKee v. Bainter, supra; Smith v. Perry,* 52 Nebr., 738; *Thomas v. Nebraska Moline Plow Co.,* 56 Nebr., 383; *Gage County v. King Bridge Co.,* 58 Nebr., 827; *Chicago, B. & Q. R. Co. v. First Nat. Bank of Omaha,* 58 Nebr., 548; *Knight v. Darby,* 55 Nebr., 16, 19; *Alling v. Nelson,* 55 Nebr., 161, 162.

2. It is strenuously contended that there was a fatal variance between the defendant's answer and the proof. The answer contained an allegation in substance as follows: "And thereafter defendant paid to the said Bowman the sum of $75 per month commencing on May 15, 1892, under said second lease until on or about the 15th of September, 1893, when said second lease was terminated, surrendered and abandoned by the parties thereto, and a new arrangement made whereby this defendant thereafter was to and did pay to said Bowman the sum of $50 per month rent in advance in full for said premises until his death, which arrangement was continued by the personal representatives until on or about April 15, 1895, and said $50 per month rent was accepted by each of them in full for said rent." The evidence showed, and the court found, that on or about September 15, 1893, an arrangement was made between the defendant and Bowman, his landlord, whereby the rent was reduced to $50 per month for the unexpired term of the lease. Defendant paid and Bowman received that amount for each month thereafter during his lifetime, and after his death defendant paid that amount each month to his personal representatives, which was accepted in full payment up to April 15, 1895, when the rent was again reduced by them to $45 per month thereafter. It will be seen from this that there was no substantial variance between the allegations and the proof. The statement that the lease was terminated and surrendered was evidently the understanding which the

pleader had of the legal effect of the new arrangement, and many of the authorities hold that such was the legal effect of that agreement. All of the other questions presented herein were fully considered and determined in our former opinion.

· A careful examination of the record only confirms us in our conclusions expressed therein, and we recommend that the former judgment be adhered to.

OLDHAM and POUND, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the former judgment of this court in this case is adhered to.

AFFIRMED.