HAYNES AUTO REPAIR COMPANY, APPELLANT, v. WHEELS, INCORPORATED, RESPONDENT.

Submitted May 31, 1935—Decided October 9, 1935.

For the appellant, *Patrick J. Maloney.*

For the respondent, *Richard C. Plumer.*

The opinion of the court was delivered by

PARKER, J. The suit was for arrears in rent for fourteen months, under a lease calling for $350 per month, $300 per month having admittedly been paid for that period. Plaintiff asked for a directed verdict, which the trial court refused, and sent the case to the jury who found for defendant.

Defendant was not the tenant named in the lease but an assignee thereof. However, liability for rent was not disputed at the trial. The essence of the defense was an alleged oral agreement to reduce the rent reserved by the written lease, and payment of the reduced rent in pursuance of that agreement. This defense was pleaded in the answer as follows:

"5. On or about December 27th, 1932, plaintiff and defendant entered into an agreement whereby the plaintiff agreed to accept the sum of $600 in full payment of the rent due for the months of November and December, 1932, and to reduce the rent for the remainder of the term of said lease to $300 per month and in consideration therefor the defendant agreed to pay to plaintiff said sum of $600 and rent for the month of January, 1933, prior to January 1st, 1933, the date when the same became due and payable, and to pay said reduced rental for the remainder of the term of said lease.

"6. Pursuant to and in compliance with the terms of the said agreement of December 27th, 1933, defendant did, prior to January 1st, 1933, pay to plaintiff the sum of $600 for the rent in full for the months of November and December, 1932, and the sum of $300 for the rent in full for the month of January, 1933."

The evidence at the trial, however, did not strictly sustain this defense. What did appear in regard to payments was that checks for November and December, 1932, and January, 1933, at $300 each (less one small deduction not questioned) were drawn and dated December 31st, mailed in the late afternoon of that day, and not received in the course of mail until January 2d or perhaps later.

The rule is of course well settled that an agreement to modify an existing valid agreement must have consideration to support it. The only consideration that can be perceived is the payment of the January rent prior to its being due. Payment one day prior would suffice, slight as that consideration would be. Plainly such consideration would be the payment, and not the mere promise; and that is what the defendant's evidence indicates. The language there used is "if we would pay him the two months then outstanding, plus the month of January in advance, then," &c.

Taking the defense as pleaded, the evidence does not support it. Taking it as put in evidence, the agreement lacks consideration, as the November and December rent was already overdue, and the January rent was due in advance by the terms of the lease.

We conclude therefore, that no legal defense to the liability for $350 per month was presented.

Respondent claims, however, that acceptance and collection of monthly checks at $300 each, specifying that they are in payment for stated months, amounts to an accord and satisfaction. We think the law is well settled to the contrary. *Chambers* v. *Niagara Fire Insurance Co.*, 58 *N. J. L.* 216; *Decker* v. *George W. Smith & Co.*, 88 *Id.* 630; *Union Cleaners and Dyers* v. *Zeidman*, 113 *Id.* 86, and cases cited.

The judgment will be reversed to the end that a *venire de novo* issue, the verdict being general and not special.

*For affirmance*—None.

*For reversal*—THE CHANCELLOR, CHIEF JUSTICE, TRENCHARD, PARKER, LLOYD, CASE, BODINE, DONGES, HEHER, PERSKIE, VAN BUSKIRK, HETFIELD, DEAR, WELLS, WOLFS-KEIL, RAFFERTY, JJ. 16.