WILLIAM LEVINE, PLAINTIFF-RESPONDENT, v. ANNE BLUMENTHAL AND ANNE BROOKS, DEFENDANTS-APPELLANTS.

Argued October 1, 1935—Decided July 15, 1936.

24

Before Justices HEHER and PERSKIE.

For the appellants, *Bernstein & Altschuler* (*Jacob L. Bernstein,* of counsel).

For the respondent, *Mortimer L. Mahler.*

The opinion of the court was delivered by

HEHER, J.  By an indenture dated April 16th, 1931, plaintiff leased to defendants, for the retail merchandising of women's wearing apparel, store premises situate in the principal business district of the city of Paterson. The term was two years, to commence on May 1st next ensuing, with an option of renewal for the further period of three years; and the rent reserved was $2,100 for the first year, and $2,400 for the second year, payable in equal monthly installments in advance.

The state of the case settled by the District Court judge sets forth that defendants adduced evidence tending to show that, in the month of April, 1932, before the expiration of the first year of the term, they advised plaintiff that "it was absolutely impossible for them to pay any increase in rent; that their business had so fallen down that they had great difficulty in meeting the present rent of $175 per month; that if the plaintiff insisted upon the increase called for in the lease, they would be forced to remove from the premises or perhaps go out of business altogether;" and that plaintiff "agreed to allow them to remain under the same rental 'until business improved.'" While conceding that defendants informed him that "they could not pay the increase called for in the lease because of adverse business conditions," plaintiff, on the other hand, testified that he "agreed to accept the payment of $175 each month, on account." For eleven months of the second year of the term rent was paid by defendants, and accepted by plaintiff, at the rate of $175 per month. The option of renewal was not exercised; and defendants surrendered the premises at the expiration of the term, leaving the last month's rent unpaid. This action was brought to recover the unpaid balance of the rent reserved by the lease for the second year—$25 per month for eleven months, and $200 for the last month.

The District Court judge found, as a fact, that "a subsequent oral agreement had been made to change and alter the terms of the written lease, with respect to the rent paid," but that it was not supported by "a lawful consideration," and therefore was wholly ineffective.

The insistence is that the current trade depression had disabled the lessees in respect of the payment of the full rent reserved, and a consideration sufficient to support the secondary agreement arose out of these special circumstances; and that, in any event, the execution of the substituted performance therein provided is a defense at law, notwithstanding the want of consideration. The principle invoked is applied in *Long* v. *Hartwell,* 34 *N. J. L.* 116; *Halpern* v. *Shurken,* 98 *N. J. Eq.* 28; *Frank Wirth, Inc.,* v. *Essex Amusement Corp.,* 115 *N. J. L.* 228. It is said also that, "in so far as the oral agreement has become executed as to the payments which had fallen due and had been paid and accepted in full as per the oral agreement," the remission of the balance of the rent is sustainable on the theory of gift, if not of accord and satisfaction—citing *McKenzie* v. *Harrison,* 120 *N. Y.* 260; 24 *N. E. Rep.* 458; *Evans* v. *Lincoln Co.,* 204 *Pa.* 448; 54 *Atl. Rep.* 321; *Malis* v. *Campo,* 25 *Pa. Dist.* 32; 43 *A. L. R.* 1458.

It is not suggested that the primary contract under consideration was of a class which may not lawfully be modified by parol, except to the extent that the substituted performance has been actually and fully executed and accepted; and we are not therefore called upon to consider that question. See *Kerzner* v. *Chanin,* 98 *N. J. L.* 38; *Long* v. *Hartwell, supra; Troth* v. *Millville Bottle Works,* 89 *Id.* 219; *Headley* v. *Cavileer,* 82 *Id.* 635; *Wilkinson* v. *Plaket,* 5 *N. J. Mis. R.* 853; *affirmed,* 104 *N. J. L.* 451; *Halpern* v. *Shurkin, supra.* The point made by respondent is that the subsequent oral agreement to reduce the rent is *nudum pactum,* and therefore created no binding obligation.

It is elementary that the subsequent agreement; to impose the obligation of a contract, must rest upon a new and independent consideration. The rule was laid down in very early times that even though a part of a matured liquidated debt or demand has been given and received in full satisfaction thereof, the creditor may yet recover the remainder. The payment of a part was not regarded in law as a satisfaction of the whole, unless it was in virtue of an agreement

supported by a consideration. *Pinnel's Case*, 5 *Coke* 117, a; 77 *Eng. Reprint* 237; *Fitch* v. *Sutton*, 5 *East.* 230; *Foakes* v. *Beer*, 9 *App. Cas.* 605; *Cumber* v. *Wane*, 1 *Str.* 426; *Chicago, Milwaukee and St. Paul Railway Co.* v. *Clark*, 178 *U. S.* 353; 20 *S. Ct.* 924; 44 *L. Ed.* 1099; *Williston on Contracts (Rev. Ed.)* §§ 120 *et seq.; Anson on Contracts (Turck Ed.)* 229, 234 *et seq.* The principle is firmly imbedded in our jurisprudence that a promise to do what the promisor is already legally bound to do is an unreal consideration. *Schaefer* v. *Brunswick Laundry Co.*, 116 *N. J. L.* 268; *Haynes Auto Repair Co.* v. *Wheels, Inc.*, 115 *Id.* 447; 180 *Atl. Rep.* 836; *Durant* v. *Block*, 113 *N. J. L.* 509; *Decker* v. *Smith & Co.*, 88 *Id.* 630; *Watts* v. *Frenche*, 19 *N. J. Eq.* 407; *Clyne* v. *Helmes*, 61 *N. J. L.* 358; *Chambers* v. *Niagara Fire Insurance Co.*, 58 *Id.* 216. It has been criticised, at least in some of its special applications, as "mediaeval" and wholly artificial—one that operates to defeat the "reasonable bargains of business men." See *Professor Ames' Treatise*, tit. "*Two Theories of Consideration*," in 12 *Harvard Law Review* 515, 521; *Chicago, Milwaukee and St. Paul Railway Co.* v. *Clark, supra; Sigler* v. *Sigler*, 98 *Kan.* 524; 158 *Pac. Rep.* 864; *Brooks* v. *White*, 43 *Mass.* 283; *Bolt* v. *Dawkins*, 16 *S. C.* 198, 214; *Wm. Lindeke Land Co.* v. *Kalman*, 190 *Minn.* 601; 252 *N. W. Rep.* 650. But these strictures are not well grounded. They reject the basic principle that a consideration, to support a contract, consists either of a benefit to the promisor or a detriment to the promisee—a doctrine that has always been fundamental in our conception of consideration. It is a principle, almost universally accepted, that an act or forebearance required by a legal duty owing to the promisor that is neither doubtful nor the subject of honest and reasonable dispute is not a sufficient consideration. *Williston on Contracts (Rev. Ed.)*, §§ 103b, 120, 130; *Contracts A. L. I.*, § 76; *Anson on Contracts (Turck Ed.)* 229, 234, *et seq.*

Yet any consideration for the new undertaking, however insignificant, satisfies this rule. *Coast National Bank* v. *Bloom*, 113 *N. J. L.* 597. For instance, an undertaking to

pay part of the debt before maturity, or at a place other than where the obligor was legally bound to pay, or to pay in property, regardless of its value, or to effect a composition with creditors by the payment of less than the sum due, has been held to constitute a consideration sufficient in law. The test is whether there is an additional consideration adequate to support an ordinary contract, and consists of something which the debtor was not legally bound to do or give. *Haynes Auto Repair Co.* v. *Wheels, Inc., supra; Sigler* v. *Sigler, supra; Bryant* v. *Proctor* (14 *B. Mon.*), 53 *Ky.* 451; *Hastings* v. *Lovejoy,* 140 *Mass.* 261; 2 *N. E. Rep.* 776; *White* v. *Walker,* 31 *Ill.* 422; *Lamb* v. *Rathburn,* 118 *Mich.* 666; 77 *N. W. Rep.* 268; *Evans* v. *Lincoln Co., supra; Jaffray* v. *Davis,* 124 *N. Y.* 164; 26 *N. E. Rep.* 351; *Bice* v. *Silver,* 170 *Ia.* 255; 152 *N. W. Rep.* 498; *Singer Sewing Machine Co.* v. *Lee,* 105 *Md.* 663; 66 *Atl. Rep.* 628; *Perkins* v. *Lockwood,* 100 *Mass.* 249; *Good* v. *Cheesman,* 2 *B. & Ad.* 328; *Williston on Contracts (Rev. Ed.),* §§ 103b, 131; *Anson on Contracts (Turck Ed.)* 236, 250; 1 *C. J.* 541, 544, 545.

And there is authority for the view that, where there is no illegal preference, a payment of part of a debt, "accompanied by an agreement of the debtor to refrain from voluntary bankruptcy," is a sufficient consideration for the creditor's promise to remit the balance of the debt. But the mere fact that the creditor "fears that the debtor will go into bankruptcy, and that the debtor contemplates bankruptcy proceedings," is not enough; that alone does not prove that the creditor requested the debtor to refrain from such proceedings. *Melroy* v. *Kemmerer,* 218 *Pa.* 381; 67 *Atl. Rep.* 699. See *Williston on Contracts (Rev. Ed.),* § 120, and cases cited in footnote.

The cases to the contrary either create arbitrary exceptions to the rule, or profess to find a consideration in the form of a new undertaking which in essence was not a tangible new obligation or a duty not imposed by the lease, or, in any event, was not the price "bargained for as the exchange for the promise" (see *Coast National Bank* v. *Bloom, supra*), and therefore do violence to the fundamental principle. They

exhibit the modern tendency, especially in the matter of rent reductions, to depart from the strictness of the basic common law rule and give effect to what has been termed a "reasonable" modification of the primary contract. See *Bowman* v. *Wright,* 65 *Neb.* 661; 91 *N. W. Rep.* 580; 92 *Id.* 580; *Ten Eyck* v. *Sleeper,* 65 *Minn.* 413; 67 *N. W. Rep.* 1026; *Ossowski* v. *Wiesner,* 101 *Wis.* 238; 77 *N. W. Rep.* 184; *Hastings* v. *Lovejoy, supra; Evans* v. *Lincoln Co., supra; Nonamaker* v. *Amos,* 73 *Ohio St.* 163; 76 *N. E. Rep.* 949; *Lamb* v. *Rathburn, supra; Wm. Lindeke Land Co.* v. *Kalman, supra; Sigler* v. *Sigler, supra; White* v. *Walker, supra; Donellan* v. *Read,* 3 *B. & Ad.* 899; 23 *E. D. L.* 215; 6 *Eng. Rul. Cas.* 298; *Jaffray* v. *Greenbaum,* 64 *Iowa* 492; 20 *N. W. Rep.* 775; *Sargent* v. *Robertson,* 17 *Ind. App.* 411; 46 *N. E. Rep.* 925; *United Steel Co.* v. *Casey,* 262 *Fed. Rep.* 889; *Commercial Car Line* v. *Anderson,* 224 *Ill. App.* 187; 43 *A. L. R.* 1456, 1458, 1478.

So tested, the secondary agreement at issue is not supported by a valid consideration; and it therefore created no legal obligation. General economic adversity, however disastrous it may be in its individual consequences, is never a warrant for judicial abrogation of this primary principle of the law of contracts.

It remains to consider the second contention that, in so far as the agreement has been executed by the payment and acceptance of rent at the reduced rate, the substituted performance stands, regardless of the want of consideration. This is likewise untenable. Ordinarily, the actual performance of that which one is legally bound to do stands on the same footing as his promise to do that which he is legally compellable to do. *Anson on Contracts (Turck Ed.)* 234; *Williston on Contracts (Rev. Ed.),* §§ 130, 130a. This is a corollary of the basic principle. Of course, a different rule prevails where *bona fide* disputes have arisen respecting the relative rights and duties of the parties to a contract, or the debt or demand is unliquidated, or the contract is wholly executory on both sides. *Anson on Contracts (Turck Ed.)* 240, 241.

It is settled in this jurisdiction that, as in the case of other contracts, a consideration is essential to the validity of an accord and satisfaction. *Haynes Auto Repair Co.* v. *Wheels, Inc., supra; Decker* v. *Smith & Co., supra; Union Cleaners and Dyers, Inc.,* v. *Zeidman,* 113 *N. J. L.* 86. On reason and principle, it could not be otherwise. This is the general rule. 1 *Am. Jur.* 235. The cases cited by appellant, *Long* v. *Hartwell, supra; Halpern* v. *Shurken, supra,* and *Frank Wirth, Inc.,* v. *Essex Amusement Corp., supra,* are not in point. It results that the issue was correctly determined.

Judgment affirmed, with costs.