## BEARDSLEY *vs.* TUTTLE et al.

### APPEAL FROM CIRCUIT COURT, MANITOWOC COUNTY.

Heard January 18.]                                      [Decided May 4, 1860.

### *Partnership—Mortgages—Satisfaction.*

Where a note secured by mortgage has been paid, the mortgagee has no right to hold the same as security for any damages which the mortgagee may sustain by reason of the failure of the mortgagor to perform another agreement, nor as security for advances subsequently made, nor to secure the payment of the mortgagor's indebted upon a final settlement. This rule is particularly true where one partner gives a mortgage on his individual property to secure a partnership debt.

One of several partners cannot make a contract, that a note and mortgage made by another member of the partnership, on his individual property to secure a partnership debt, shall stand as security for future advances made by the mortgagee to the partnership, after the debt has been paid by the firm. On the contrary, the party making the note and mortgage is entitled to have the same given up and satisfied of record.

This was an action commenced by Edgar D. Beardsley and wife against L. G. Tuttle, Mark T. Green and David Green, to compel the surrender and discharge of record of a mortgage made by the plaintiffs to the defendants. The mortgage was given to secure the execution and completion of an article of agreement made on the first day of December, A. D. 1855, between David H. Van Valkenburgh, William W. Waldo, Edgar D. Beardsley and Robert L. Bell, of Manitowoc, Wisconsin, who constituted the firm of Van Valkenburgh & Co., of the first part, and L. G. Tuttle, Mark T. Green and David Green, who constituted the firm of Tuttle, Green & Co.,

Beardsley vs. Tuttle et al.

of Chicago, Illinois, of the second; which showed that the parties of the first part agreed to sell and deliver to the parties of the second part, in Chicago, twenty millions of shingles, warranted good quality pine shingles, and to be delivered at the dock of the party of the second part, or any other dock if they shall so direct, as follows: Four millions in the months of March and April next, three millions in the month of May next, three millions in the month of June next, two millions in the month of July next, two millions in the month of August next, two millions in the month of September next, two millions in the month of October next, and two millions in the month of November next.

And the party of the second part agreed to pay the party of the first, therefor, at the market rates of shingles by the cargo, in Chicago, at the time of delivery. The parties of the second part were, on the execution of this contract, to advance to the party of the first part, upon this contract, the sum of eighteen hundred dollars in cash, and their acceptance of the drafts of the party of the first part, which the party of the second part were to pay as follows: One of seven hundred dollars in thirty days, one of one hundred and sixty-five dollars at sixty days, one of two thousand dollars at sixty days, and one of one thousand dollars at four months; amounting in all to the sum of five thousand six hundred and sixty-five dollars; and upon the same, the party of the first part agreed to allow the party of the second part, interest at the rate of ten per cent. until the delivery of shingles to the amount of the said advance.

And the party of the first part executed their firm note, bearing even date therewith, at the rate of ten per cent. interest, payable to the party of the second part, five months from date, and mortgages to secure the same executed by Beardsley and wife, and Van Valkenburgh and wife, and Bell, said note and mortgages being security to the party of the second part for the advance, which is in the nature of a loan until paid, as heretofore provided.

In compliance with this contract Van Valkenburgh & Co. furnished a large quantity of shingles and lumber, and received some moneys from Tuttle & Co., but less than the value of the shingles and lumber. The defense set up is sufficiently stated in the opinions of the courts, as well as the facts proved on the trial.

The finding of the circuit judge is as follows: "This ac-

tion was brought to trial before the court held in the county of Manitowoc on the first Monday of April, A. D., 1859, and the written stipulation of the respective parties, the decision of the court, was to be made within ninety days after the adjournment of said term.

Previous to bringing this case to a hearing and trial before the court, an order had been made in the case directing several questions of fact arising therein to be submitted to a jury at said term of court, and said questions had been submitted to a jury regularly impannelled and sworn, upon the proofs introduced by the respective parties, and said jury had rendered their verdict and decision upon said question so submitted. That after the verdict of the jury upon said questions had been rendered, the case was brought to trial before the court, upon the verdict of the jury, and the evidence taken in the case generally, and also upon the evidence submitted to the jury upon the trial of the questions of fact, submitted to them; and after hearing counsel for the respective parties, and considering the whole of the testimony in the case, the court finds the following facts:

1. That the mortgage set forth in the complaint in this action had been fully paid and satisfied to the defendants, previous to the commencement of this action, by the delivery of shingles to the defendants in the city of Chicago, during the spring and summer of the year 1856, by the firm of Van Valkenburgh & Co., under and in part performance of the contract entered into between the said Van Valkenburg & Co., and the said defendants, which contract bears date December 1st, 1855, and is set forth at length in the answer of the defendants in this action.

2. That an alteration of said contract set forth in said answer, being dated December 1st, 1855, was made and entered into between the said Van Valkenburgh & Co., and the said defendants subsequent to the date thereof, by the terms of which alterations the defendants agreed to, and did make advances to the said Van Valkenburgh & Co., previous to the delivery of any shingles by them upon said contract over and above said sum of $5,665, advanced by them on the date of said contract, and by the terms of which alteration the said defendants were to hold the said note given by the said Van Valkenburgh & Co., for the said sum of $5,665, and the mortgages given as collateral for the security of the payment of said note, as security for any balance which might be

due to the said defendants upon the final settlement between the said Van Valkenburgh & Co. and the said defendants, or that said note and mortgage should remain as security for the said sum of $5,665, first advanced, and that the shingles delivered by the said Van Valkenburgh & Co., under their agreement with the defendants, should be first applied to the payment of moneys advanced to them by defendants, subsequent to the advance of said sum of $5,665.

3. That during the spring and summer of the year 1856, the firm of Van Valkenburgh & Co. delivered to the defendants in the city of Chicago, in part performance of the said contract for the delivery of shingles set forth in defendants' answer in this action 5,210,000 (5,210 M) shingles, which were worth, at the time of delivery, under the terms of said contract, the sum of   $16,900 00

That said firm also delivered and sold to said defendants during the spring and summer of the year 1856, wood, shingle bolts, lath, cedar posts and lumber of the value, at the time of delivery in Chicago, of   3,975 00

And that defendants were indebted to the firm of Van Valkenburgh & Co. for the use of the "schooner Bates" during the fall of the year 1856, the sum of   2,317 64

    $23,192 64

4. That the said Van Valkenburgh & Co. had received from the said defendants during the year 1856, on account of said shingles, lumber, wood, shingle bolts, cedar posts, lath, and for the use of said schooner Bates, the sum of   17,019 49

That said Van Valkenburgh & Co. received of said defendants, at or about the time of the giving of said note and mortgages, December 1st, 1855, the sum of   5,665 00

And that the defendants are entitled to interest on the said sum of $5,665 for the term of five months, at the rate of ten per cent. per annum, making the sum of   236 03

    $22,920 52

The court further finds that equitably the defendants have

no right to hold the mortgages given to secure the note of Van Valkenburgh & Co. for the sum of $5,665, bearing date the 1st day of December, 1855, as security for any damages they have sustained by reason of the non-performance of the agreement December 1st, 1855, by Van Valkenburgh & Co.

And the court further finds that equitably the plaintiffs are entitled to have the mortgage set forth in their complaint in this action, and made by them to secure the said note of $5,665, delivered up and discharged of record.

Wherefore it is ordered that judgment be entered in this action, declaring the said mortgages set forth in the complaint in this action, and given by the plaintiffs to the defendants therein, bearing date the 1st day of December, 1855, fully paid and satisfied, and directing the defendants to execute and acknowledge, in due form of law, a satisfaction and discharge thereof, and deliver the same to the said plaintiffs, or to their attorney in this action, within' sixty days after notice of judgment, and that the plaintiffs have judgment against the defendants for their costs and disbursements in this action.

Dated July 26th, 1859.          DAVID TAYLOR, Judge.

On the 15th day of August, A. D., 1859, the defendants duly excepted to the judgment of the court, and to each of the several findings, decisions, and rulings of the law and the fact by the court therein found.

Pursuant to the finding of the court, judgment was entered in this action on the 6th day of August, 1859; to reverse which this appeal is brought.

*J. H. Parrish*, for the appellants, contended, among other things, that the defendants were not bound to apply the shingles first received by them, in payment of the note and mortgages. The delivery of shingles sufficient to pay the note and mortgages, was not a satisfaction and discharge of the note and mortgages, but they might apply them on other debts owing to them. 1 Hilliard on Mort., 379, 208; Willard Eq., 92; *James vs. Johnson*, 6 John., ch. 429, 393.

*O. H. Waldo*, for the respondent.

*By the Court*, COLE, J. Upon considering the whole testimony in this case, we fully concur with the circuit court in

regard to what facts are established by it, and, as a necessary consequence, in the conclusion that the mortgage mentioned in the complaint is paid and satisfied, and should be discharged of record. To our minds, it is very clear that this mortgage was given solely for the purpose of securing the payment of the note made and delivered by Van Valkenburg & Co. to Tuttle, Green & Co., at the time the contract of December 1, 1855, was made and entered into by the parties. That note was fully paid and satisfied, by delivery of shingles to the appellants, in the city of Chicago, during the spring and summer of 1856, by Van Valkenburgh & Co., under and in part performance of the contract first referred to. This note having been paid, the purpose for which the mortgage was given is accomplished; and the appellants have no right to hold the mortgage as a security for any damages which they may have sustained by reason of the failure of Van Valkenburg & Co. to keep and perform the agreement of December 1, 1855, or as security for any advances afterwards made to Van Valkenburg & Co., or for anything that might be found due the appellants on final settlement with that firm. This is clear, from the most obvious principles of equity and justice. The case is simply that of a partner giving a mortgage upon his own individual property, to secure the payment of a certain partnership note. It appears that the appellants and Van Valkenburg & Co. had extensive lumber dealings with each other, in the year 1856. In December, 1855, the parties entered into the written contract mentioned in the pleadings and evidence in the case, by which Van Valkenburgh & Co. agreed to sell and deliver to the appellants, at Chicago, in certain quantities, from the month of March following to the month of November, twenty millions of shingles, of good quality, &c., for which the appellants were to pay the market rates at the time of delivery. And the appellants also agreed to advance upon the contract

the sum of $5,665, which was to draw interest, at the rate of
ten per cent., until the delivery of shingles to the amount of
the said advance. Van Valkenburgh & Co. gave their firm
note, bearing even date with the contract, payable to the ap-
pellants, five months from date, at the rate of ten per cent.
interest, for this amount; and it is to secure the payment of
this firm note that the respondents gave their mortgage. Ac-
cording to our understanding of the testimony, it clearly and
satisfactorily appears that this firm note has been fully paid,
and, as a matter of course, the respondents are entitled to
have the mortgage discharged of record. The appellants,
however, contend that there was some alteration of this con-
tract, subsequent to its date, and a new agreement made be-
tween them and a member of the firm of Van Valkenburgh
& Co., by which new agreement they were to make, and did
in fact make additional advances over and above the sum of
$5,665, and that it was mutually agreed and understood that
the note for $5,665, and the mortgages given as collateral se-
curity for the same, were to stand as security for any balance
which might be found due them on final settlement; or that
the $5,665 note and mortgage were to remain as security for
the sum first advanced, and that the shingles delivered by
Van Valkenburgh & Co., under the written contract, were to
be first applied to the payment of moneys advanced by the
appellants subsequent to the first advance. If we were to
assume that the testimony in the case established the fact,
that such new agreement was made between the appellants
and some one of the firm of Van Valkenburgh & Co., (and
we do not think that the evidence shows any such thing,)
still we do not see what right a partner would have to bind
his co-partner by this new agreement. What right would
one of the partners have to say that a mortgage given by
another partner upon his own property, for a certain specific
object, and to secure a certain indebtedness, should stand as

security for some other partnership liability ? Clearly, none whatever. But we do not think that the testimony shows that any such new agreement or arrangement was ever made. The appellants differ among themselves as to the terms of this agreement, and the evidence upon this point is entirely unsatisfactory to our minds. And without dwelling longer upon the facts of the case, we will only add, that we think the judgment of the circuit court correct, and must be affirmed.

Judgment affirmed.