Nov. Term, 1861.

Devou v. Ham.

---

### Devou and Another *v.* Ham.

Suit upon a promissory note. Answer : that after the making of the note sued on, the defendant, being in failing circumstances, made an assignment for the benefit of his creditors ; that afterward a majority of his creditors, the plaintiffs among the rest, agreed with the defendant in writing, that if he would execute to them his notes, with approved security, for one half of his several debts to them, they would discharge him from the whole amount of the original debts ; that pursuant to said agreement he did execute said new notes, and that the same were accepted by all of the

creditors who executed such agreement, except the plaintiffs, and defendant brings said notes into Court, &c.

*Held*, that the answer was good; as a single creditor, or any number of creditors, may compound with their debtor, so it is not made a condition in the agreement that all the creditors shall come into the same agreement.

Nov. Term, 1861.

Devou v. Ham.

Friday, December 13.

APPEAL from the *Wayne* Common Pleas.

PERKINS, J.—Suit by *Devou* and *Rockwood* against *Ham*, upon two promissory notes, dated in *January*, 1858. The defendant answered in two paragraphs: 1. The general denial. 2. Specially, that after the execution of said note, viz., in *February*, 1858, he became in failing circumstances, and made an assignment of all his property to one *Joel Railsback*, for the benefit of his creditors; that afterward, in *September*, 1858, a majority of his creditors, the plaintiffs being among them, agreed with the defendant (*Ham*) in writing, that if he would execute to them, severally, his paper, with approved security, to the amount of one half of his several debts to them, they would release him from liability on, and discharge him from, the entire original debts; the said plaintiffs, however, being the last to sign the agreement, appended without the knowledge of the other parties, to their signature to the writing the condition, "if arranged in thirty days." This writing was not signed by *Ham*.

He further said in his answer, that he executed the notes, as agreed, for the plaintiffs and the other creditors within thirty days, but on offering them to the plaintiffs for their indebtedness they refused to receive them, while all the other creditors who entered into the arrangement did receive the notes executed for them, pursuant to the agreement, and executed the releases as stipulated, supposing the plaintiffs would do the same, as agreed; and he brings the notes prepared under the agreement into Court, &c.

Upon demurrer, the Court below held this paragraph of the answer sufficient. The plaintiffs excepted. They then replied in two paragraphs: 1. General denial. 2. Specially, that the agreement of settlement and release set up in the answer was obtained from the plaintiffs by the fraud of *Ham*, setting out the particulars, as misrepresenting his true condition as to amount of indebtedness, amount of

Nov. Term, 1861.

Devou
v.
Ham.

assets, &c. Such representations might constitute fraud. Forsyth on Composition with Creditors, p. 27. This work constitutes a part of McKinley & Lescure's Law Library, vol. 1. The cause went to a jury, who found for the defendant; and, over a motion for a new trial, the Court rendered judgment on the finding.

A bill of exceptions attempts to present questions upon the evidence, and upon instructions given and refused upon the trial of the cause.

The bill of exceptions does not show, by the use of the formula, "this was all the evidence given in the cause," that the evidence is of record, and the point is insisted upon by the appellee.

The trial of the cause was closed, and the judgment rendered, on *April* 20, 1858, and no time was given for the filing of a bill of exceptions. The bill of exceptions in the record was filed on *April* 29, 1858. It contains the instructions given and refused upon the trial. The plaintiffs asked four pages of instructions; they were refused in a body, and the plaintiff excepted generally to the act of refusal. The Court gave five pages of instructions, and the plaintiffs excepted generally to the act of giving them. No exception was taken to any single instruction.

The causes for a new trial were assigned as follows: 1. Irregularity in the proceedings of the Court, &c. The particular irregularity was not specified. It should have been. 2. The verdict is not sustained by the evidence. This we can not notice for want of the evidence. 3. The verdict of the jury is contrary to law. Wherein, is not pointed out. It should have been. 4. Error of law occurring at the trial, &c. No particular error is specified. One should have been. 5. The Court erred in the charges given and refused, &c. No particular charge is specified, and no particular objection is pointed out. There should have been.

But one ruling of the Court below is before us for review, and that is the overruling of the demurrer to the second paragraph of the answer.

That paragraph is good, if a part of the entire creditors of

a debtor may make a legal and binding composition with their debtor. That they can do so, is judicially settled. *Forsythe*, *supra*, p. 34, and cases cited. A single creditor, or any number of the creditors, of a debtor may compound with him, so it is not made a condition in the agreement for compounding that all the creditors shall come into the same arrangement. *Id.* See, on the general subject, *Kahn* v. *Greenherts*, 9 Ind. 430.

Nov. Term, 1861.

*Per Curiam.*—The judgment below is affirmed, with costs.

*James Perry* and *John Yaryan*, for the appellants.

*W. A. Bickle*, *C. H. Burchenal*, *O. P. Morton* and *J. F. Kibbey*, for the appellee.