WILLIAM N. SAGE and others *vs.* L. W. VALENTINE.

June 29, 1876.

**Composition with Creditors—Consideration.**—The general rule is that payment of part of a liquidated and ascertained debt is no satisfaction of the whole.. To this rule there is an exception, where the partial payment is made in compliance with an agreement between the debtor and any number of his. creditors for a composition. In that case the engagement of the other creditors to accept a composition on their debts is the consideration for the giving up, by each, of his claim for the residue. Mutuality between the creditors, as respects the consideration, is therefore essential to the validity. of an agreement for a composition.

Appeal by defendant from an order of the district court for Hennepin county, *Vanderburgh*, J., presiding, refusing a new trial after verdict for the plaintiffs, who sue as partners, doing business in the name of Pancost, Sage & Morse..

*A. N. Merrick*, for appellant.

*Atwater & Babcock*, for respondents.

BERRY, J. This action is brought to recover $284, claimed to be an unpaid balance due upon a bill of goods sold by plaintiffs to defendant, amounting to $568.20. The defence is that defendant, being unable to pay his debts in full, made an arrangement for a composition with his.

creditors, by which they agreed to accept 50 cents on the dollar in full payment of their claims; that plaintiffs entered into, and became parties to, the agreement, and accordingly made their draft for the sum of $568.20, directed to defendant, payable at sight to the order of the East-Side Bank of Minneapolis, with instructions to the bank to accept from defendant 50 cents on the face of the draft, in full payment of the claim of $568.20; that defendant accordingly paid $284.10, in full payment of said claim, and that the bank delivered the draft to him, and accepted the sum of $284.10 in full settlement and satisfaction thereof. The facts set up in the defence as to the draft, the instructions accompanying it, the payment by defendant, the acceptance of the payment in full satisfaction, and the delivery of the draft to defendant, are undisputed.

The general rule is that payment of part of a liquidated and ascertained debt is no satisfaction of the whole. 2 Chit. Cont. 1101. This is upon the ground that, as respects the part not paid, the agreement to receive the partial payment in satisfaction of the whole debt is without consideration. There is, however, an exception to this rule when the partial payment is made in compliance with an agreement between the debtor and any number of his creditors for a composition. In that case the engagement of the other creditors to accept a composition on their debts is the consideration for the giving up, by each, of his claim for the residue. *Norman* v. *Thompson*, 4 Exch. 756; 2 Chit. Cont. 1157-8; *Perkins* v. *Lockwood*, 100 Mass. 249; *Pierson* v. *McCahill*, 21 Cal. 122; *Devou* v. *Ham*, 17 Ind. 472; Addison on Contracts, 998.

Mutuality between the creditors, as respects the consideration, is, therefore, essential to the validity of an agreement for a composition. The creditors must "join together." They must stipulate one with another. Addison on Contracts, 998; *Perkins* v. *Lockwood*, 100 Mass. 249; 2 Chit. Cont. 1157. In the case at bar there is evidence tend-

ing to show that the plaintiffs agreed with the defendant to accept, and that they did accept, 50 cents on the dollar of their claim, in full payment thereof, upon the understanding that certain other creditors of defendant had agreed, or would agree, to take the same percentage in satisfaction of their claims ; but there is no evidence tending to show that there was any communication between the plaintiffs and the other creditors, either directly or indirectly, or that the plaintiffs and the other creditors joined together, or stipulated one with the other, in any agreement for a composition. As respects the plaintiffs, then, the agreement with the defendant lacked the element of mutuality between creditors, and was, therefore, without valid consideration. As there was, then, no evidence to sustain the defence set up in the answer, the verdict was necessarily right.

Order affirmed.