JAFFRAY and others vs. CRANE, imp.

*October 13 — November 10, 1880.*

*(1, 2)* SURETYSHIP: *What new agreement, etc., will discharge surety.*
*(3)* COSTS *in supreme court.*

1. An unexecuted or void *agreement* to extend payment of promissory notes, not creating an extension in fact, does not discharge a surety.

2. If the payee of B.'s notes, secured by A.'s mortgage, accepts from B. new notes, though for a smaller amount and without security, "in full payment and satisfaction" of the first notes, and such new notes are paid, the lien of the mortgage is discharged.

3. An order sustaining a demurrer to an answer containing two defenses, being affirmed as to the one defense and reversed as to the other, no costs are allowed here to either party, except that respondent is required to pay the clerk's fees in this court.

APPEAL from the Circuit Court for *Racine* County.

Foreclosure of a mortgage. The defendant *Abby A. W. Crane* appealed from an order sustaining plaintiff's demurrer to her answer. The case will sufficiently appear from the opinion.

*John T. Fish,* for the appellant:

1. The mortgage was simply an accessory to the debt of J. S. Crane, and cannot exist without it. Any arrangement by which the debt is paid or discharged, satisfies the mortgage. *Jackson v. Stackhouse,* 1 Cow., 122; *Cameron v. Irwin,* 5 Hill, 272; *Runyan v. Mersereau,* 11 Johns., 534; *Moore v. Cord,* 14 Wis., 213; *Arnot v. Post,* 6 Hill, 65; *Kortright v. Cady,* 21 N. Y., 343; *Beardsley v. Tuttle,* 11 Wis., 74; *Lef-*

*fingwell v. Freyer*, 21 id., 392. The fact of payment was well pleaded. The answer alleges that the plaintiffs accepted and received from J. S. Crane his three promissory notes in full payment and satisfaction of the notes secured by the mortgage, and that the notes so accepted were paid in full before the commencement of the action. When it is so agreed between the parties, the acceptance of a promissory note extinguishes a previous debt. *Blunt v. Walker*, 11 Wis., 334; *Eastman v. Porter*, 14 id., 39; *Fellows v. Prentiss*, 3 Denio, 512. 2. Any arrangement between the debtor and creditor whereby the time of payment of a debt secured by mortgage is extended, without the consent of the owner of the mortgaged property, discharges the lien of the mortgage. *Robinson v. Gee*, 1 Ves. Sr., 251; *White v. Ault*, 19 Ga., 551; *Hill v. Witmer*, 2 Phila., 72; *Bank of Albion v. Burns*, 46 N. Y., 170; *Smith v. Townsend*, 25 id., 479; *Millerd v. Thorn*, 56 id., 402; *Colgrove v. Tallman*, 67 id., 95; *Fellows v. Prentiss*, 3 Denio, 512. The composition agreement between J. S. Crane and his creditors was such an arrangement. It was supported by a valuable consideration, and was binding on the plaintiffs. *Lathrop v. Knapp*, 27 Wis., 225; *Eaton v. Lincoln*, 13 Mass., 424; *Good v. Cheesman*, 2 B. & Ad., 328 (22 E. C. L., 897); *Steinman v. Magnus*, 11 East, 390; *Wilson v. Lloyd*, L. R., 16 Eq. Cas., 60. See also *Andrews v. Marrett*, 58 Me., 539; Brandt on Suretyship, 316; *Am. Button Hole Co. v. Gurnee*, 44 Wis., 49; Bouvier's Inst., §§ 1397, 1398, 1401.

For the respondents there was a brief by *Henry T. Fuller* and *Wm. C. White*, and oral argument by *Wm. P. Lynde*.

ORTON, J. The notes of Jacob S. Crane were secured by the mortgage of his wife, *Abby A. W. Crane*, upon her separate estate. Her first defense to the foreclosure of this mortgage is, that, after these notes were given, Jacob S. Crane was adjudicated a bankrupt, and that an agreement of composition was entered into between him and his creditors to pay them

fifty per cent. of their claims in equal installments at three, six and nine months from the confirmation of the composition, and that he should give his notes for the same, secured by the guaranty of one Meadows; that this composition was confirmed by the court, and that the plaintiffs proved their whole claim as unsecured, and it was duly allowed by the bankrupt court; that afterwards the plaintiffs entered into an agreement with Jacob S. Crane, the bankrupt, waiving the provisions of the composition as to the security, "and in lieu thereof accepted and received from Jacob S. Crane, in full payment and satisfaction of their said claims as proven and allowed, his three certain promissory notes in writing, payable in three, six and nine months from the ratification of said composition by the court; and that, in pursuance of said last-mentioned agreement, the said Jacob S. Crane executed and delivered to the plaintiffs" said last-mentioned notes, and has since, and before the commencement of this suit, fully paid and taken up the same, whereby the notes mentioned in the complaint were paid and satisfied. Her second defense is, that it was agreed between the plaintiffs and said Jacob S. Crane, that Crane was to give and the plaintiffs should accept, in payment and satisfaction of the notes mentioned in the complaint, the said composition notes, indorsed by said Meadows or some other satisfactory person, and that such agreement, so extending the time of payment, was made without her consent or agreement that her property should remain liable for either the original or composition debt, and that thereby both she and her property are discharged from all liability.

The plaintiff demurred to both defenses, and the circuit court sustained the demurrer. The second defense sets up an agreement which was neither executed nor based upon any new consideration, and therefore void. It is not averred in this defense that the time of payment was actually extended by the giving of the new notes. The demurrer as to the second defense was therefore properly sustained. The first defense

fails to set up such proceedings in bankruptcy as to give the bankrupt court jurisdiction. *Stow v. Parks*, 2 Pin., 122; *McCormick v. Pickering*, 4 N. Y., 276; *Cutter v. Folsom*, 71 N. H., 139; *Price v. Bray*, 21 N. J. L., 13; *Lering v. Kendall*, 1 Gray, 305; Bump's Bankruptcy, 753-4. This was understood to have been conceded by the learned counsel of the appellant on the argument. Besides this, it is not averred that the composition notes were ever given to the creditors, or any of them, except to the respondents, and no proceedings are alleged which, under the bankrupt law, would constitute a discharge of the bankrupt. *In re Langdon*, 13 B. R., 60; *In re Reiman, etc.*, 11 B. R., 21; *In re James T. Hurst*, 13 B. R., 455; Bump's Bankruptcy, 680-8.

This part of the answer, whatever may have been the intention of the pleader, so utterly fails to set up an adjudication, composition or discharge in bankruptcy, that to give it any effect, and treating the answer liberally, as we are bound to do under the code, we must accept the construction of the answer in this respect claimed by the learned counsel of the appellant upon the argument. That construction is, that all of the matters relating to the agreement of composition between Jacob S. Crane and his creditors were introductory merely to the last allegations of the first defense, that an agreement was afterwards made between the plaintiffs and Jacob S. Crane, by which he was to give them his notes, without any security, for such fifty per cent. of their claim, in full payment and satisfaction of the notes mentioned in the complaint, and which was a waiver only of the security mentioned in the composition, and that such agreement was performed by the giving of such notes, and that the new notes have been paid. Does the answer, so construed, show full payment and satisfaction of the notes which the mortgage in suit was given to secure? is the only and remaining question raised by the demurrer to be disposed of. If a case can be made of full payment, satisfaction and discharge of the whole debt by the actual payment

of only a part of it, upon new notes given by the debtor to the creditor, by agreement of the parties, this is certainly such a case.

In *Eastman v. Porter*, 14 Wis., 39, and in *Blunt v. Walker*, 11 Wis., 334, it was in effect decided that " a subsisting simple contract is discharged and extinguished by the acceptance of another contract of the same nature given to the same party, and founded upon the same consideration, if it be so expressly agreed by the parties." In Story on Promissory Notes, § 104, it is said: " If a note be given for a preëxisting debt, and it is received as an absolute payment thereof, the original contract is extinguished, and no liability thereon any longer exists; and if such note was received as conditional payment only, then, if duly paid and discharged, the original consideration is equally extinguished. It is true that the usual rule is that accord without satisfaction is no bar to an action. This is so except where the new promise or contract itself is the satisfaction of the debt or broken contract, by the accord agreement." " The party holding the claim may agree to receive a new promise of the other in satisfaction of it, or he may agree to receive a new undertaking when the same shall be executed as a satisfaction. In either case he will be held to his bargain." 2 Parsons on Contracts, 681. In *Babcock v. Hawkins*, 23 Vt., 561, this doctrine is fully sustained by the opinion of Judge REDFIELD, in a very able review of the whole subject.

In application to this case, it makes no difference whether this principle is based upon the theory that the agreement of composition was fully executed by these parties alone, or that the original consideration enters into and makes valid the new agreement, or whether it is based upon the theory that the accord and satisfaction were complete when the new notes were accepted as such, in full performance of the agreement of composition, or upon the theory that payment of the new notes operated, by force of the agreement between the parties, as a payment and extinguishment of the original notes; for, upon

either theory, according to the better authorities, the original notes were fully paid and satisfied, because it was so intended and agreed. Holding this to be the law, it follows that if the notes, to secure which the mortgage was given, were paid and satisfied, the mortgage was also satisfied and is discharged.

The liability of *Abby A. W. Crane*, the wife — if it can properly be said to have been a liability, where there was and could be no *personal* liability, — was *stricti juris*, and her separate property was fully exonerated from the mortgage as soon as the notes of Jacob S. Crane, the husband, to secure which the mortgage was given, were paid and satisfied. *Beardsley v. Tuttle*, 11 Wis., 74, and note; *Leffingwell v. Freyer*, 21 Wis., 392. The facts stated in this part of the answer constituted a good defense to the foreclosure, and the demurrer should have been overruled as to the first defense.

*By the Court.* — That part of the order of the circuit court which sustained the demurrer to the first defense set up in the answer, is *reversed;* and that part which sustained the demurrer to the second defense, is *affirmed*.

In such a case the costs upon the appeal being discretionary, it is ordered that no costs be allowed to either party, except that the respondent pay the fees of the clerk of this court.