(63 Misc. Rep. 332.)

## KAYE v. HOAGE.

### (Supreme Court, Appellate Term. May 27, 1909.)

1. LANDLORD AND TENANT (§ 172*)—EVICTION—CONSTRUCTIVE EVICTION—FAILURE TO REPAIR.

An eviction can only arise by some affirmative act or default of the landlord, so that where, under his contract, the landlord was not bound to make repairs, the tenant could not leave the premises on the ground that their defective condition was a constructive eviction.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 695–703; Dec. Dig. § 172.*]

2. LANDLORD AND TENANT (§ 15*)—ATTORNMENT—ATTORNMENT TO LANDLORD'S GRANTEE—NECESSITY.

No attornment is necessary between the lessee and the landlord's grantee.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. § 14; Dec. Dig. § 15.*]

3. CONTRACTS (§ 75*) — CONSIDERATION — SUFFICIENCY—PERFORMANCE OF CONTRACT DUTY.

Where a tenant could not abandon the premises on the ground of their bad repair, and did not agree to make any repairs or remain in personal possession, or to do anything not required by his contract, there was no consideration for the landlord's agreement to allow him to make repairs and give him the last three months' rent free.

[Ed. Note.—For other cases, see Contracts, Dec. Dig. § 75.*]

4. CONTRACTS (§ 10*)—CONSIDERATION—UNILATERAL CONTRACT—FAILURE OF CONSIDERATION.

A landlord's agreement to remit three months' rent if the tenant would remain in personal possession of the premises could not be supported as a unilateral contract, where the tenant left the premises during the three months.

[Ed. Note.—For other cases, see Contracts, Dec. Dig. § 10.*]

5. GIFTS (§ 16*)—CONSIDERATION—EXECUTED GIFT.

Where property was rented for a year from May 1st, and the tenant moved out March 3d, the landlord's permission to allow the tenant to repair and give him the last three months' rent free if he would remain in the premises could not be supported as an executed gift of the rent, so as to bar an action for the February rent; the landlord merely promising to make a gift.

[Ed. Note.—For other cases, see Gifts, Dec. Dig. § 16.*]

Appeal from Municipal Court, Borough of Manhattan, Seventh District.

Action by Sol L. Kaye against David I. Hoage. From a judgment for defendant, plaintiff appeals. Reversed, and new trial ordered.

Argued before DAYTON, SEABURY, and LEHMAN, JJ.

Benjamin M. Kaye, for appellant.
John N. Griggs, for respondent.

LEHMAN, J. The defendant leased a private house from May 1, 1908, to May 1, 1909, at a rental of $60 per month. The house was purchased by the plaintiff from the lessor, who assigned the lease to him. On the 20th of February, 1909, the plaintiff demanded the February rent from the defendant, and, upon his refusal to pay, has

brought this action. The defense is that, when the plaintiff bought the house in July, his son and representative saw the defendant, who said that the house was untenantable and that he was going to move out, and the plaintiff's representative then said that he would allow him to make the repairs and he would "give him the last three months of the year as nothing." The trial justice thereupon, in spite of the denial of this conversation by the plaintiff's representative, gave judgment for the defendant.

Since the defendant was obliged to pay the rent under his contract with the plaintiff's assignor, this defense is not valid, unless the conversation between the parties constituted a binding contract or a binding gift of at least the February rent. It was no contract, because there was no consideration. The defendant could not leave the premises on the ground that their bad repair constituted a constructive eviction, because an eviction can arise only through the affirmative act or default of the landlord, and under his contract the landlord was not obliged to make repairs. The defendant could not refuse to attorn to the plaintiff, because no attornment is now necessary between the grantee of the landlord and the lessee. The defendant did not agree to do anything not required by his own contract with the landlord. He did not agree to make any repairs. He did not agree to remain in personal possession of the premises. He at most agreed not to abandon a lease which he had no legal right to abandon under the circumstances. The contract could not even be supported as a unilateral contract that, if he would remain in actual personal possession of the premises, the rent for the last three months would be remitted, because it appears that he left the premises on March 3d.

The defendant also claims that, if the remission of the rent constituted no contract, it was binding as an executed gift. In the case of McKenzie v. Harrison, 120 N. Y. 260, 24 N. E. 458, 8 L. R. A. 257, 17 Am. St. Rep. 638, it was held that, where the landlord agreed to reduce the rent of premises, the acceptance of the reduced rent in any month constituted a valid gift of the amount of the rent remitted. In that case, however, the gift of each month's rent reduction was through an affirmative and complete act of the landlord. Here the landlord, at most, has promised to make a gift, and such a promise cannot be enforced.

Judgment should therefore be reversed, and a new trial ordered, with costs to appellant to abide the event.

DAYTON and SEABURY, JJ., concur in the result.