5072.   HECHT *v.* WHITE.

The action being for damages for the alleged breach of an executory contract, and there being no proof of a breach by the defendant, a verdict in the plaintiff's favor was contrary to law and should have been set aside.

DECIDED NOVEMBER 25, 1913.

Action on contract; from city court of Columbus—Judge Tigner. June 11, 1913.

*B. F. McLaughlin, McLaughlin & Shanks,* for plaintiff in error.
*A. W. Cozart,* contra.

POTTLE, J.  White sued Hecht for damages for breach of contract and obtained a verdict. The only question for decision is whether there was any evidence to authorize the verdict. The contract for the breach of which damages are claimed obligated White to build two houses for Hecht, each of which was to be an exact duplicate of another house owned by Hecht, which had been constructed by White. Under the contract White was to furnish all labor and material and Hecht was to pay $450 for each house. White claims that after some of the material had been delivered and the houses partly completed, Hecht breached the contract by

preventing the completion of the work. There was evidence that after the work had advanced and White had incurred expense for labor and material, Hecht complained that the material which White had bought was inferior, and objected to the use of any more of it in the buildings. White says the material was not inferior, but he so far acquiesced in Hecht's claim as to agree to deduct $15 from the contract price on account of some material which had been used and which Hecht claimed to be inferior. Hecht objected also to the material on the ground, and, without the consent of White, bought other material to be used in its place. Thereupon White told Hecht he had broken the contract, sent away his hands to another job, and hauled away the material which he had bought to be used in the houses. Subsequently White came back and finished the houses with the material furnished by Hecht. White claims, however, that he did this merely as a matter of accommodation to Hecht, and not under the original contract. During the course of the building, Hecht paid by check to White from time to time various sums, and also paid for the material which he had bought, the sums thus paid aggregating practically the amount of the contract price. Subsequently to the date upon which White claims the contract was breached, Hecht gave White checks upon which was the notation, "part payment on contract." White admits that he observed this notation and that he collected the checks and used the money. White sued for the amount expended or incurred for labor and material, and the amount of profits which he claims he would have made if allowed to complete the houses under the contract.

Undoubtedly the breach of an executory contract by one of the parties justifies its abandonment by the other; but this well-recognized principle of the law of contract was not applicable to any theory of the evidence in the present case. Hecht's sole obligation was to pay $900 for the two houses when completed. So far as appears from the evidence, he was under no obligation to pay anything until after completion of the houses. The evidence nowhere discloses that Hecht committed a breach of any obligation assumed by him under the contract. The plaintiff was an independent contractor, and Hecht had no right to interfere with him. White claims he was keeping within the letter of his contract. If this were true, he ought to have ignored the complaints made by Hecht, proceeded with the work, and upon its completiton sued for the

agreed price. Apparently he acquiesced in Hecht's taking matters in his own hands. If there was a mutual rescission, the defendant can not recover damages as for a breach of the contract. But even though the rescission was not mutual, White's abandonment of the contract must be regarded as voluntary. Hecht did nothing to compel him to quit. His complaints, even though fictitious and unfounded, afforded no legal justification for an abandonment of the work by White. There may be an anticipatory breach of a contract by one party, and in such a case the other party is excused from complete performance, and may at once sue for whatever damages he has sustained up to the time of the renunciation. *Cox v. McKinley,* 10 *Ga. App.* 492 (73 S. E. 751) ; *Southern Flour &c. Co.* v. *St. Louis Grain Co.,* 11 *Ga. App.* 401 (75 S. E. 439). But there is no evidence that Hecht renounced the contract, nor that he directed the plaintiff to quit, or stated that he would not pay when the work was completed. Mere complaint as to the manner in which the work was being performed and the purchase of other material did not amount to a renunciation. The plaintiff was not bound to heed the complaint or use the material. Moreover, he accepted and used checks of the plaintiff with knowledge that they were given in part payment of the amount due under the contract. If he accepted the checks at all, he was bound to do so on the terms upon which they were offered, and by so doing he waived his right to insist upon an anticipatory breach by Hecht. The case seems to be one where the contractor has sustained loss on account of his own voluntary acts, rather than on account of the conduct of the other party.                                *Judgment reversed.*