## C. S. BRACKETT COMPANY v. OTTO S. LOFGREN.[1]

### April 12, 1918.

### No. 20,778.

Landlord and tenant — termination of lease by acts of parties.

1. Where the parties to a five year lease in writing agree orally that it shall be terminated and the lessee vacates and the lessor repossesses himself of the premises, the lease is effectually terminated.

[1]Reported in 167 N. W. 274.

**Same — acceptance of less rent — action to recover the difference.**

 2. Where parties to such a lease agree to reduce the rent, and month after month for two years the lessee pays and the lessor receipts for rent at the reduced rate, the lessor cannot thereafter recover the amount rebated.

**Same — statute of frauds — performance of agreement.**

 3. The modified lease having been executed, the statute of frauds gives no trouble.

Action in the district court for Hennepin county to recover $2,154.84 rent. The answer alleged that in the year 1916, for a valuable consideration, by agreement of the parties the lease between them was canceled and the rented premises were surrendered; that plaintiff took possession of the premises on October 15, 1916, and defendant offered judgment in the sum of $52.80 for rent from October 1 to October 15, 1916. The case was tried before Jelley, J., who denied plaintiff's motion for a directed verdict in the amount claimed, its motion to submit to the jury only the question as to whether there was a valuable consideration for the reduction of rent in July, 1914, and its motion for a directed verdict for the rent according to the terms of the lease from October 1, 1916, to March 1, 1917, and granted defendant's motion for a directed verdict in favor of plaintiff for $57.12. Plaintiff's motions for judgment in the full amount demanded notwithstanding the verdict, its alternative motion for judgment for $711.67 notwithstanding the verdict or for a new trial, were denied. From the order denying those motions, plaintiff appealed. Affirmed.

*Brady, Robertson & Bonner,* for appellant.
*Larrabee & Olson,* for respondent.

HALLAM, J.
Plaintiff leased to defendant part of the second floor of a business block in Minneapolis, for five years from May 1, 1912, at a rental of $134 a month. About August, 1914, defendant found it difficult to pay his rent and was often in arrears. Plaintiff agreed to "cut the rent" to $75 a month. This arrangement was followed out, defendant paying rent at this rate and plaintiff giving receipts therefor, for about a year, when

plaintiff insisted on a restoration of the rate stipulated in the lease. They compromised on $100 a month. This continued until October, 1916, defendant paying rent monthly and receiving receipts according to the new agreement. In 1916 the owner of property adjoining erected a brick building in such manner as to close, as early as October 17, 1916, six windows of the place occupied by defendant. After conferences, defendant, early in October, vacated, and plaintiff took possession, made alterations, and on March 1, 1917, let the premises to other parties. This appeal involves: First, the right of plaintiff to collect rent after October 17, 1916; second, the right to collect rent at the rate stipulated in the lease from August, 1914, to October 17, 1916. The trial court held that the evidence presented no issue of fact on either proposition and directed a verdict for the defendant.

1. The first question gives us little difficulty. The evidence as to this is not in dispute. It was mutually understood between defendant and C. S. Brackett, representing plaintiff, that plaintiff could not collect rent after the windows were closed by the erection of the adjoining building, that defendant would then be entitled to vacate, but that defendant should pay rent until the windows were closed. Pursuant to that understanding, when the windows were closed, defendant vacated and plaintiff repossessed itself of the premises. This decisively terminated the lease. Mills v. Ellis, 109 Minn. 81, 122 N. W. 1119. Whether or not the parties had the correct notion of the law is of no concern. Plaintiff is asking no relief on the ground of mistake.

2. The second question is more troublesome. That the parties explicitly agreed upon the reduction of the rent in 1914 to $75 a month and its readjustment in 1915 at $100 a month is clear. The claim of plaintiff on this point is that the agreement was without consideration and for that reason void. We are referred to a long line of cases in this state holding that payment by the debtor and receipt by the creditor of a part of a liquidated demand is not a satisfaction of the whole, although the creditor agrees to accept it as such. The earliest case was Sage v. Valentine, 23 Minn. 102, and the latest, Foster County State Bank v. Lammers, 117 Minn. 94, 134 N. W. 501. The reason given for the rule is that "the agreement to receive the partial payment in satis-

faction of the whole debt is without consideration." Sage v. Valentine, supra.

The rule is not a satisfactory one, particularly as applied to a case like this, where a landlord, wide awake, admittedly agreed to yield a portion of the rent intending to abide by the agreement, and in fact did abide by it month after month for two years, and then after the monthly rebates had grown to a staggering amount, sued to recover in one lump sum the aggregate of the amounts voluntarily yielded.

Yet the rule is in accord with by far the greater number of decisions. It had its origin in a dictum of Lord Coke in Pinnel's Case, Coke, Part V, f. 117 [Vol. 3, p. 238], that while a part payment in money would not sustain such agreement, the giving of a "horse, hawk or robe," would do so because such article might be worth as much as the whole debt, while money less than the whole could not be. It harks back still farther to a statement of Brian, C. J., in Year Book 10 Hen. VII, f. 4, pl. 4, that "notwithstanding the horse may be worth only a penny, that is not material, for it is not apparent," a business proposition to which some may not agree. Many courts, while countenancing the rule, freely "criticise and condemn its reasonableness, justice, fairness or honesty." Jaffray v. Davis, 124 N. Y. 164, 167, 26 N. E. 351, 11 L. R. A. 710; Chicago, M. & St. Paul Ry. Co. v. Clark, 178 U. S. 353, 20 Sup. Ct. 924, 44 L. ed. 1099; Ex parte Zeigler, 83 S. C. 78, 64 S. E. 513, 916, 21 L. R. A. [N. S.] 1005; 1 C. J. 541. In one case it was said "the logic is unimpeachable, but it fails to take into consideration the practical importance of the difference between the right to a thing and the actual possession of it." Melroy v. Kemmerer, 218 Pa. St. 381, 383, 67 Atl. 699, 700 (11 L. R. A. [N. S.] 1018, 120 Am. St. 888). It has been repudiated in some states (Clayton v. Clark, 74 Miss. 499, 21 South. 565, 22 South. 189, 37 L.R.A. 771, 60 Am. St. 521; Frye v. Hubbell, 74 N. H. 358, 68 Atl. 325, 17 L.R.A. [N.S.] 1197), and abolished by statute in many others (12 Harvard L. Rev. 524). It has been said "whenever the technical reason for its application does not exist, the rule itself is not to be applied." .Brooks v. White, 2 Metc. (Mass.) 283, 285, 37 Am. Dec. 95. In some cases the delivery up of a note (Stewart v. Hidden, 13 Minn. 29 [43]), in some, the delivery of a written receipt (Dreyfus v. Roberts, 75 Ark. 354, 87 S. W. 641, 69 L. R. A. 823, 112 Am. St. 67, 5 Ann. Cas.

521; Aborn v. Rathbone, 54 Conn. 444, 446, 8 Atl. 677; Gray v. Barton, 55 N. Y. 68, 14 Am. Rep. 181) and in others the giving of a new unsecured note (Wells v. Morrison, 91 Ind. 51; Sibree v. Tripp, 15 M. & W. 22 [23*]; Jaffray v. Crane, 50 Wis. 349, 7 N. W. 300) has been held ground for making an exception to the rule.

This much is clear. The rule must not be applied to a case where parties to a contract, still executory, agree to reduce the consideration and thereafter both sides execute the contract as modified. After an agreement has been fully executed on both sides the question of consideration becomes immaterial. A pure gift, fully executed, is valid. Peavey v. Wells, 136 Minn. 180, 161 N. W. 508. This lease was executory at the time the agreement to reduce the rent was made. The parties saw fit to execute it on both sides in accordance with the modified terms, for the period in controversy. To the extent that it was so executed, it became a closed incident, and the amount rebated cannot now be recovered. This position is sustained by reason and authority. McKenzie v. Harrison, 120 N. Y. 260, 24 N. E. 458, 8 L.R.A. 257, 17 Am. St. 638; Ossowski v. Wiesner, 101 Wis. 238, 77 N. W. 184; Bowman v. Wright, 65 Neb. 661, 91 N. W. 580, 92 N. W. 580; Doherty v. Doe, 18 Colo. 456, 33 Pac. 165; Snow v. Griesheimer, 220 Ill. 106, 77 N. E. 110; Doyle v. Dunne, 144 Ill. App. 14; Norris v. Crowe, 206 Pa. 438, 56 Atl. 1125, 98 Am. St. 783; Evans v. Lincoln Co. 204 Pa. 448, 54 Atl. 321; 1 Underhill, L. & T. § 173.

Wharton v. Anderson, 28 Minn. 301, 9 N. W. 860, is not in point. That action was brought to recover rent for a period during which no rent had been paid. What was said as to the rights of parties, after a lease is executed, was obiter dictum.

In Ten Eyck v. Sleeper, 65 Minn. 413, 67 N. W. 1026, the tenant prevailed. A consideration was found, but it is not held that the result would have been different as to the executed portion of the lease had there been no consideration.

3. There is no trouble over the modification by parol of this written contract, within the statute of frauds. After the modified contract has been executed, this objection cannot be made. Denison v. Sawyer, 95 Minn. 417, 104 N. W. 305.

Nor is there any doubt that C. S. Brackett's acts bound plaintiff. Olson v. Warroad Mercantile Co. 136 Minn. 310, 161 N. W. 713.

Order affirmed.