KINETO MACHINE COMPANY v. L. H. UGLAND.[1]

May 28, 1920.

No. 21,709.

**Sale of advertising clocks — evidence of rescission.**

1. The evidence sustains the finding that the contract in controversy had been rescinded by mutual agreement.

**Release of each party sufficient consideration for rescission.**

2. The release of each party by the other was a sufficient consideration for the rescission of so much of the contract as remained unexecuted.

**Oral agreement for rescission not within statute of frauds.**

3. The rescission was an executed contract and not within the statute of frauds, although made by oral agreement.

**Waiver of claim for damages for breach of contract.**

4. Plaintiff, by rescinding the contract when defendant repudiated it, waived its claim for damages.

**Abandonment of rescission.**

5. The evidence did not establish that the rescission had been abandoned or the old contract recognized as in force thereafter.

**Evidence admissible.**

6. Evidence tending to show that the contract had been rescinded was not rendered inadmissible because it also tended to show a new oral contract invalid under the statute of frauds.

[1]Reported in 177 N. W. 1018.

**No prejudicial error.**
    7. The court made no substantial error in its rulings or charge.

Action in the district court for Ramsey county to recover $18,015 damages for breach of a contract. The case was tried before Haupt, J., who denied defendant's motion to dismiss the action, and a jury which returned a verdict in favor of defendant. Plaintiff's alternative motion for judgment notwithstanding the verdict or for a new trial was denied. From the order denying its motion for a new trial, plaintiff appealed. Affirmed.

*Orr, Stark & Kidder,* for appellant.
*Edward A. Knapp,* for respondent.

TAYLOR, C.

Action for damages for breach of contract. Defense, that the contract had been rescinded by mutual agreement. Verdict for defendant. Plaintiff appealed from an order denying a new trial.

That the evidence is sufficient to sustain the finding that the contract had been rescinded by mutual agreement is not seriously questioned, but plaintiff contends that the agreement to rescind was without consideration and void.

Plaintiff manufactures patented advertising machines known as Kineto advertising clocks. On May 4, 1917, plaintiff entered into a written contract with defendant, whereby defendant was given the exclusive right to sell these clocks within a specified territory, and whereby plaintiff agreed to sell and defendant agreed to buy seven clocks of the 12 slide model immediately, ten more of the same model within 30 days, five of any model every two weeks thereafter until a total of 40 had been purchased, and six each month thereafter until a total of 242 had been purchased. The contract required defendant to pay for the clocks in cash as delivered at the rate of $120 for the 12 slide model and $95 for the eight slide model.

Defendant accepted and paid for the first two instalments. Without asking defendant to designate what model he desired, plaintiff shipped five 12 slide models to St. Paul by express c. o. d. for the third instalment. While they were in the express office defendant went to

the office of plaintiff in Chicago and the jury found that this interview resulted in a rescission of the contract by mutual agreement. At the time of the rescission the contract remained wholly executory on both sides, except as above stated. We have no doubt of the right of the parties to rescind the contract by parol insofar as it remained executory. The agreement of each to waive further performance by the other constituted a valid consideration for the rescission. When the proposition to rescind was assented to by both parties, the contract was at an end. C. S. Brackett Co. v. Lofgren, 140 Minn. 52, 167 N. W. 274, L.R.A. 1918F, 998. Nothing remained for either party to do and the statute of frauds has no application. That statute does not apply to executed contracts. 3 Dunnell, Minn. Dig. § 8852.

As we understand it, plaintiff does not dispute these propositions, but contends that defendant had breached the contract and had thereby released plaintiff from its obligation to perform the remainder of its undertaking before plaintiff assented to the rescission, and that plaintiff's assent to the rescission was without consideration for that reason.

This contention is based on the following facts: When defendant went to plaintiff's office in Chicago, he notified George Willens, the president of the company, and who represented it in all the transactions in question, that he was through with the contract and would have nothing more to do with it, that he was paying too high a price and would not try to live up to it, and that they could sue him whenever they pleased. Willens replied that they did not want to lose him, that he was the man to handle that territory and they wanted him to do so. He answered that he could not do it under that contract, to which Willens replied: "We do not want to lose you in that territory. We will call that contract off and cancel it right now." "We are through with [that] contract." Willens then proposed that they go to lunch together and return after lunch and see if they could not make a new contract. They went to lunch and after returning agreed verbally on the terms of a new contract materially different from the old contract, but owing to complications which subsequently arose this new contract was never consummated, although negotiations concerning it were continued by letters and telegrams for several months.

Plaintiff insists that defendant's failure to accept and pay for the third instalment of clocks when they arrived at the express office and his unqualified repudiation of the contract at the opening of his interview with Willens terminated the contract and that plaintiff's right of action for its breach was then complete. This might be true if plaintiff had elected to treat defendant as breaching the contract and to claim damages for the breach. But instead of doing so, plaintiff, as a part of the same conversation and transaction, agreed with defendant to rescind the contract in the hope of making a new contract satisfactory to both. By its conduct plaintiff turned the repudiation of the contract by defendant into an agreement for mutual rescission and thereby relinquished whatever claim it may have had for damages. C. S. Brackett Co. v. Lofgren, 140 Minn. 52, 167 N. W. 274, L.R.A. 1918F, 998; Eames Vacuum Brake Co. v. Prosser, 157 N. Y. 289, 51 N. W. 986; Armsby v. Grays Harbor Commercial Co. 62 Ore. 173, 123 Pac. 32; Hecht v. White, 13 Ga. App. 790, 80 S. E. 15; Swarts v. Narragansett Electric Lighting Co., 26 R. I. 388, 59 Atl. 77.

Plaintiff also contends that the subsequent correspondence between the parties shows that the rescission was abandoned and the old contract recognized as in force. The verdict amounts to a finding to the contrary, and at most the letters merely made a question for the jury as to whether defendant had subsequently recognized the old contract as continuing in force. In fact plaintiff did not ship, and defendant did not receive, any more clocks under either the old or new contract.

Plaintiff also contends that the new oral contract was within the statute of frauds and void because it could not be performed within a year, and that the court erred in receiving evidence concerning it. This evidence was admitted for its bearing on the question of whether the old contract had been rescinded, and the jury were instructed that it was in the case for no other purpose, and were further instructed that it did not establish a valid new contract. As this evidence tended to show that the old contract had been rescinded, it was admissible and the court sufficiently limited the effect to be given to it.

Plaintiff complains because the answer was amended to conform to the proof. The amendment amounted to little more than obviating

technical objections to some of the evidence and was clearly within the discretion of the trial court.

Plaintiff also complains of the charge, but we find no substantial basis for this complaint. The case was fairly and impartially submitted to the jury and plaintiff is not in position to complain of a failure to instruct on points on which no request for instructions was made. The finding that the contract had been rescinded eliminated all questions in respect to the amount of damages.

Order affirmed.