## Ma-Beha Co., Inc., v. Acme Realty Co., Inc.

March 11, 1941.

Gilbert Burnett for appellant.

Fred Bauman for appellee.

OPINION OF THE COURT BY STANLEY, COMMISSIONER—Reversing.

The Acme Realty Company alleged in its petition that it had entered into a lease of certain property to

the defendant, Ma-Beha Company, for a period of five years beginning September 1, 1931, at a rental of $210 a month; that on April 1, 1933, because of extenuating circumstances the plaintiff agreed to reduce the rent to $190 a month for a period of one year only; that without any agreement or consideration the defendant had paid only the lesser rent for the full time until the lease expired September 1, 1936, and that it held over after that expiration and had been paying the same rent. The petition charged the defendant owed plaintiff the difference of $20 a month from April 1, 1934, to the filing of the suit, May 1, 1937. An amendment brought the time up to a later date so that judgment for $800 was prayed. There was filed with the pleading a letter which referred to a conversation between Jacob Levy, secretary of the plaintiff company, and George L. Beha, president of the defendant company, and stated that the rent had been reduced from $210 to $190 a month from April 1, 1933, to April 1, 1934.

The defendant pleaded that the agreement was to reduce the rent for the entire life of the lease and that the consideration for the modification of the contract was that a cutting down of expenses of operation of the laundry, including the rent, was necessary to a continuance of the business; that if a reduction should not be made the defendant would have to repudiate the lease and the property would become vacant. It also pleaded the acceptance of the decreased rental each month as being in full satisfaction; that the plaintiff had ratified and confirmed the modified contract, and the same had become executed. It is averred that possession of the property had been held over under the modified lease after the original term of five years had expired; further, that the agreement was oral and the letter referred to in the petition did not correctly set forth the true modification of the original agreement.

The court placed the burden upon the defendant and at the close of its evidence directed a verdict for the plaintiff. The defendant appeals.

The Ma-Beha Company's president, George L. Beha, testified that early in 1933 its business had fallen off at least sixty percent and it seemed that it would be necessary to go out of business. The employees had accepted a cut in their wages. When this condition was explained to the Realty Company and it was informed

that it would be necessary to reduce the rent in order for the business to continue, it agreed to the reduction. In the conversation leading to this agreement no mention was made of the reduction being limited to one year. Beha asked that the modification be confirmed by letter, but instead of confirming the agreement as made the letter written by the Realty Company stated the reduction was for one year only. It does not appear that any objection was made to the letter as being different from the agreement. The defendant proved the payment of the rent of $190 a month until the premises were vacated September 1, 1937. Checks given for it all bear a notation showing they were given for rent, the last one being "Rent in full for building at 109 South Wenzel. Final and last payment of rent at this address." However, when this check came back from the bank that notation had been scratched out. No claim was ever made for any back rent until December, 1936, when arrangements had been made to vacate the property. A letter was then received demanding payment of the difference over the entire period following April 1, 1934. However, the defendant did not vacate until September 1, 1937, and the plaintiff continued to accept $190 a month without further complaint. In September, 1937, it requested payment of the rent for that month but made no mention of the amount. The defendant remitted $190 and it was accepted.

The court gave a peremptory instruction for the plaintiff under the view that the defendant was bound by the terms of the letter which expressed the agreement to reduce the rent for only one year.

We think there was sufficient consideration to support the modification of the lease, namely, the possibility —even probability—that the landlord would otherwise lose its tenant and in the midst of the economic depression be left with vacant property on its hands. There is an implication of insolvency or at least apprehension of not being able to recover damages for breach of the contract. Such conclusion is well reasoned under similar circumstances in William Lindeke Land Company v. Kalman, 190 Minn. 601, 252 N. W. 650, 93 A. L. R. 1393. And in Liebreich v. Tyler State Bank, Tex. Civ. App., 100 S. W. (2d) 152, it was held the economic depression existing in 1933 was sufficient consideration for an agreement for the reduction of rent provided for in a

lease which had been executed in 1931. It is observed the dates are the same as those in the case at bar.

Indeed, the appellee raises no question of want of consideration for the agreement to reduce the rent for the one year covered by its letter. It does raise the question as to the subsequent period claimed by the lessee. As to that, we have only the evidence of the lessee that it was all one period and the acceptance by the lessor of the reduced rent for nearly three years after the one year had expired. We go forward with the consideration of the legal question upon that state of fact.

First, it is to be borne in mind that we are dealing with an executed contract. It had expired by its terms before demand was made for the additional rent. Therefore, the appellee's plea of unenforcibility of the rent agreement because of the statute of frauds requiring that a contract for the lease of real estate for longer than one year shall be in writing (Section 470, Kentucky Statutes) is not sustainable. Johnson v. International Shoe Company, 228 Ky. 450, 15 S. W. (2d) 270.

Second, if there was in fact or in law a waiver of the right to demand the increased rental, then the rule is not applicable that, because of want of consideration, payment by a debtor and receipt by the creditor of a part of a liquidated demand is not a satisfaction of the whole although the creditor agrees to accept it as such. Cf. Cunningham v. Standard Construction Company, 134 Ky. 198, 119 S. W. 765; Shawnee Sanitary Milk Company v. Fulkerson's Garage & Machine Shop, 258 Ky. 639, 79 S. W. (2d) 229.

Third, if the subsequent agreement to reduce rent was for the rest of the life of the lease, as the lessee contends, then, as we have seen, there was a consideration and the case would be determined upon that ground. But if the agreement was limited to one year, as stated in the lessor's letter, then we are faced with the question whether there was a gratuitous modification for extending it beyond that year which is enforcible in law. As stated in a note in 43 A. L. R. 1458:

"It is a rule established by many well-considered cases that parties to a lease cannot escape from their secondary (modifying) agreement on the ground of want of consideration, where it has been

fully executed; nor, if partially executed on both sides, can they repudiate that part of it which has been executed, though the unexecuted part may be repudiated unless grounds of equitable estoppel exist."

Many cases are cited in support of the statement and, as well, a number which express a contrary view and exceptions to such a rule. See also Annotations, 93 A. L. R. 1404; Thompson on Real Property, Section 1205; 36 C. J. 346. Upon the authority of McKenzie v. Harrison, 120 N. Y. 260, 24 N. E. 458, 8 L. R. A. 257, 17 Am. St. Rep. 638 (see note of case, 43 A. L. R. 1460), it is said in 16 R. C. L. 924:

"But it is held that if the lessor orally agrees to reduce the rent, and to accept a less sum than stipulated for and such agreement is carried out for a number of years by the payment by the tenant and the acceptance by the lessor of such rent as reduced, and the giving of the receipts therefor as in full of all rent to the date of said receipts, the lessor will be regarded as having made a valid gift to the tenant of the difference between the rent paid and that stipulated for in the lease, and cannot recover of the latter the amount so given him."

In Tiffany, Real Property, Section 890, it is pointed out that after the performance of the agreement to reduce rent through its payment and acceptance, the question of considertaion is immaterial and the lessor may not recover the amount rebated. The rationale of these conclusions seems to be that the amount surrendered is equivalent to a gift (Bowditch v. Chickering, 139 Mass. 283, 30 N. E. 92; Kaye v. Hoage, 63 Misc. 332, 117 N. Y. S. 122; McKenzie v. Harrison, supra), or that it is a waiver, since "where a tenant refuses to pay rent according to the terms of the lease, the landlord has the right either to stand on his contract and take such steps as the law affords him or to modify or make a new agreement with his tenant, in which case the mutual promises of the parties furnish a sufficient consideration for the agreement to reduce the rent; and a landlord agreeing to accept something less than full satisfaction of an agreement rather than take a chance of obtaining full performance, is bound by his agreement." Thompson on Real Property, Section 1205. And in Brackett Co. v. Lofgren, 140 Minn. 52, 167 N. W. 274, L. R. A.

1918F, 998, in refusing to apply the general rule in respect of partial satisfaction of a liquidated demand, the court said:

> "The rule is not a satisfactory one, particularly as applied to a case like this, where a landlord, wide awake, admittedly agreed to yield a portion of the rent intending to abide by the agreement, and in fact did abide by it month after month for two years, and then after the monthly rebates had grown to a staggering amount, sued to recover in one lump sum the aggregate of the amounts voluntarily yielded."

In William Lindeke Land Company v. Kalman, supra, the view is expressed that the rule of permitting recovery of a balance due on a liquidated demand where a less sum has been accepted as if in satisfaction thereof should be confined to those cases in which no other element appeared except the fact of the reduction of the amount of money to be paid. Supporting this view is the opinion in Chicago, Milwaukee Railway Company v. Clark, 178 U. S. 353, 20 S. Ct. 924, 930, 44 L. Ed. 1099, in which the Supreme Court pointing out the disfavor of the rule and its confinement strictly to cases within it, quoted from a previous opinion (Hager v. Thomson, 1 Black 80, 17 L. Ed. 41) as follows:

> "Much the largest number of controversies between business men are ultimately settled by the parties themselves; and when there is no unfairness, and all the facts are equally known to both sides, an adjustment by them is final and conclusive. Oftentimes a party may be willing to yield something for the sake of a settlement; and if he does so with a full knowledge of the circumstances, he cannot affirm the settlement, and afterwards maintain a suit for that which he voluntarily surrendered."

It seems to us, therefore, that it should be held that the evidence submitted by the defendant in the case at bar established that the lessor had waived the right to collect the additional rent. Of course, upon a retrial the fact of waiver may be disproved, in which event the issue should be submitted to the jury.

Judgment reversed.

Whole Court sitting, except Judge Perry.